## BRADDY, sheriff, *v.* WHITELEY.

1. The proprietor of a newspaper having the legal right to publish therein the official advertisements of the county in which it is published may, by mandamus, compel the sheriff to insert his official advertisements in that paper.
2. A sheriff must publish such advertisements in a newspaper published at the county site of his county, if one there be the proprietor of which is willing to do the advertising at the rates prescribed by law. As between two or more papers so published, the publishers of which will accept those rates, he has the discretion of making a selection.

Argued June 19, — Decided July 17, 1901.

Mandamus. Before Judge Holden. Glascock superior court. March 30, 1901.

*B. F. Walker*, for plaintiff in error. *K. J. Hawkins*, contra.

LUMPKIN, P. J. Upon the petition of J. W. Whiteley, the proprietor of the Gibson Record, the only newspaper published at the county site of Glascock county, the judge of the superior court granted a mandamus absolute, compelling the sheriff of that county to insert his legal advertisements in that newspaper, although there was another newspaper published in the same county at a place other than the county site, which, according to the sheriff's answer,

had a larger circulation than the Gibson Record. It appeared that each paper offered to do the sheriff's official advertising at the rates prescribed by law. The judge based his decision upon the act of November 8, 1899 (Acts of 1899, p. 40), amending section 5462 of the Civil Code. The sheriff excepted to the judgment rendered, and his bill of exceptions presents for determination here only the two questions dealt with below.

1. Was Whiteley entitled to the remedy of mandamus? This question is answered by the decision of this court in the case of *Coffee* v. *Ragsdale,* 112 *Ga.* 706, 710.

2. The remaining question is: Does the law imperatively require the sheriff to do his official advertising in a newspaper published at the county site of his county, the proprietor of which is willing to accept the legal rates, or has the sheriff the discretionary right of placing his advertisements in some other newspaper published in the county, if in his opinion it has a larger circulation, and its proprietor is likewise willing to publish official advertisements at the prescribed rates? Construing all together sections 5457 and 5462 of the Civil Code and the amendatory act of 1899, we are of the opinion that the trial judge reached the right conclusion upon this question. Section 3647 of the Code of 1873 provided that "It shall be the duty of the sheriffs and coroners to publish weekly, for four weeks, in some newspaper published in their counties, respectively—and if there be no such paper published in the county, then in the nearest newspaper having the largest or a general circulation in such county—notice of all such sales of land and other property executed by him," etc. Thus stood the law until October 15, 1879, when the General Assembly passed an act " to regulate the rates and manner of legal advertising in this State." See Acts of 1878–9, p. 81. It provided that "if the ordinary, sheriff, or other officer is unable to procure the advertisements at the rates [therein] prescribed in the newspaper published in the county, then he shall be, and is hereby, authorized to have said advertisements published in any newspaper in this State having the largest general circulation in the county." The above-cited section of the Code of 1873 appears, with the same number, in the Code of 1882; and the provision of the act of 1879 just quoted was codified in section 3704(c) of that code. The law as embraced in these sections was carried forward into the present Civil Code, and may be found in sections 5457 and

5462. It is therefore apparent that these sections should be construed in pari materia; and, pursuing this course, it results that the sheriff, before the passage of the act of 1899, was authorized to insert his official advertisements in any newspaper published in his county, the proprietor of which would accept the rates prescribed by the act of 1879; and only in the event no such proprietor could be found in that county was the sheriff at liberty to do his legal advertising in a newspaper published beyond its limits.

Thus stood the law at the time of the passage of the above-mentioned act of 1899. By this act it was declared that section 5462 of the Civil Code should read as follows: "If the ordinary, sheriff, or other officer is unable to procure the advertisements at the rate herein prescribed, in a newspaper published in the county at the county site of said county, then he is authorized to have said advertisements published in any newspaper in this State having the largest general circulation in the county; provided, said rates are agreed upon; provided, further, if contracts can not be made with newspapers at the rates aforesaid, then the sheriff and ordinary, or other advertising officers, shall post their advertisements in the court-house and in a public place in each militia district in the county for the length of time required by law for advertising in newspapers; provided, there is no newspaper published at the county site, then any paper published in the county shall be next entitled to the public advertisements." Manifestly, therefore, under this section as amended, the sheriff must select as the organ of his official advertising a newspaper published at the county site of his county, if such an one there be whose proprietor will accept the legal rates. If there be only one such newspaper, as in the present instance, the sheriff's legal advertisements must be published in it; if more than one, he has the right of selection. On the argument here, and in the brief of counsel for the plaintiff in error, it was insisted that the act of 1899 was, for reasons assigned, void and unconstitutional. Inasmuch, however, as the bill of exceptions presents no question involving the points thus sought to be made upon this act, we can not undertake to pass upon the same. See *Hill* v. *State,* 112 *Ga.* 400; *White* v. *Screven County,* Ibid. 804.

*Judgment affirmed.    All the Justices concurring.*