## 8978.  RISH *et al. v.* CLEMENTS, admr., for use, etc.

1.  "There is no law in Georgia requiring a demand by the sheriff on either the principal or the surety on a forthcoming bond, in order to establish a breach of the bond.  Legal advertisement of the property described in the bond is sufficient notice to the parties, and proof of the advertisement will suffice to show such breach, if the property be not produced at the time and place of sale."

2.  There is no provision of law authorizing two newspapers having a general circulation in a county to be jointly designated as the official medium for its legal advertisements.

3.  The official advertising medium not having been in any way changed by an abortive attempt of the county officials to name two newspapers as the official organ of the county, and the advertisement of the property which the defendant in fi. fa. had obligated himself to produce having been regularly made in the official organ of the county, the obligor and his surety were sufficiently notified of the time and place of sale; and upon failure to produce the property after such advertisement, they were liable on their bond.  *Hogan* v. *Morris,* 7 *Ga. App.* 232 (66 S. E. 550).

4.  The forthcoming bond was conditioned upon the delivery of "one horse named Frank, one black mule named Ella, one black horse mule named Scott, which was levied on as the property of J. T. Rish, under a mortgage fi. fa. issued from the superior court of Calhoun County in favor of the Bank of Edison."  The advertisement described the property,

and the proceedings under which it was to be sold, in all respects as did the bond, with the single exception that it was advertised as the property of John C. Rish, instead of J. T. Rish. It was admitted by the defendants that they knew of no John C. Rish. *Held*, that the description of the mortgaged property as given in the advertisement was sufficiently similar to that description given in the forthcoming bond to give the obligor and surety on the bond notice as to the time and place of sale.

5. For the foregoing reasons, the judgment of the court holding the obligor and the surety on the forthcoming bond was not erroneous.

DECIDED NOVEMBER 14, 1917.

Action upon bond; from Calhoun superior court—Judge Harrell. June 6, 1917.

A mortgage fi. fa. in favor of the Bank of Edison against John T. Rish was levied upon certain personal property as the property of the defendant. A forthcoming bond, signed by J. T. Rish and E. L. Rish as security, conditioned upon the delivery of the property at the time and place of sale, was given to the sheriff. The property was advertised, in the Calhoun County Courier, for sale on the first Tuesday in November, 1915. The levy recited: "Levied on and to be sold as the property of John C. Rish by virtue of a mortgage fi. fa. in favor of the Bank of Edison against said John C. Rish." The property was not forthcoming on the day of sale, and, the sheriff having died, J. M. Clements was appointed his administrator. Thereafter suit was brought by J. M. Clements, administrator of the estate of W. L. Calhoun, sheriff, for the use of the Bank of Edison, against J. T. and E. L. Rish, on the forthcoming bond. The defendants insisted, by way of defense, that there had never been any breach of the bond, because there had never been any legal advertisement. They alleged that two newspapers, the Calhoun County Courier and the Edison News, both published in Calhoun County, had been, ever since January 1, 1911, designated by the clerk, ordinary, and sheriff as the official organ for the publication of advertisements in Calhoun County, and that the sheriff had never advertised the sale of this mortgaged property in the Edison News. After the introduction of evidence the trial judge directed a verdict in favor of the plaintiff, to which the defendants excepted, contending that the evidence demanded a verdict in favor of themselves and against the plaintiff.

The evidence showed, that, prior to January 1st, 1911, the Cal-

houn County Courier was the official organ of Calhoun County, but that after the passage of the act of 1910, giving the right of selecting the official organ jointly to the sheriff, clerk, and ordinary, these officials, in the year 1910, attempted to change the official organ, and selected both the Calhoun County Courier and the Edison News, newspapers published in Calhoun County, as the official organ of the county. The Calhoun County Courier is a weekly newspaper published in Arlington, in Calhoun County, Ga., and was in existence during all the year 1915. A notice was published in both papers, signed December 9, 1910, by the county officials, to the effect that after January 1, 1911, the official advertising organ of said county would be the Calhoun County Courier, published at Arlington, Ga., and the Edison News, published at Edison, Ga., and that all sheriff's sales and other legal advertisements would be published in both of said papers and the fees for such advertising divided equally between said papers. Testimony of the ordinary of the county showed that, since the attempted change in the county organ, he had caused all citations, notices, and orders to be published in both papers, but he did not know what the officers of the county other than himself had done with reference to advertising. John T. Rish testified, that he had no notice of the intended sale of the property on the first Tuesday in November, 1915; that he took the Edison News, and had noticed all issues of that paper for the four weeks preceding the day of sale; and that there was no advertisement of the property in those issues. It was admitted by the defendants that the property levied on was not before the court-house door in Morgan, Calhoun County, on the day of sale, between the legal hours of sale. The mortgage fi. fa. and the forthcoming bond and the issues of the Calhoun County Courier published in October, showing the due advertisement of the property in that paper, were introduced in evidence. It was further admitted that Calhoun, sheriff of the county, had died, and that Clements was his administrator.

L. M. Rambo, for plaintiffs in error. Smith & Miller, contra.

HARWELL, J. (After stating the foregoing facts.) It is well established that no demand on the obligor and his surety is required in order to render them liable for failure to produce, on the day of sale, the property described in the forthcoming bond, and that legal advertisement of the sale is sufficient notice to them;

and proof of the advertisement will suffice to show such breach, if the property be not produced at the time and place of sale. *Early* v. *Hampton,* 15 *Ga. App.* 95 (3) (82 S. E. 669), and cases cited. The obligor in the forthcoming bond in the instant case insists that there was no legal advertisement of the property, and that he was not, therefore, sufficiently notified of the time and place of sale.

It is insisted by plaintiffs that § 3290 of the Civil Code of 1910, which deals with the levy and sale of mortgaged property, only requires the same to be advertised "in one or more public gazettes of this State," and that the advertisement in this case in one paper was a sufficient compliance with that statute. It is not necessary to construe this section of the code, and to determine whether this is the correct construction to be placed upon it. We will say this much, however: In our opinion this section should be construed with sections 6062 and 6067, which deal generally with the advertisement of all property by the sheriff. Construing these sections together, it would seem that it is not sufficient to advertise mortgaged property in *any public gazette of this State,* but that it must be advertised in a newspaper published at the county site of said county, if there be such, and if there be no such paper published in the county, then in the nearest newspaper having the largest or a general circulation in such county. That this is the correct construction seems to be indicated by the language of Chief Justice Simmons in *Coffee* v. *Ragsdale,* 112 *Ga.* 709 (37 S. E. 970). This decision further indicates that all of the official advertisements of the county must be made in the same paper. He says: "These sections of the code seem to indicate an intention on the part of the legislature to have all the official advertisements of the county made in the same paper, so that the people may know where to look for information in regard to the official business of the county. If the law were otherwise, then in counties such as Fulton, which have a large number of newspapers, and, indeed, in any county having more than one, people interested in county matters would be put to considerable trouble and expense. They could not know in what paper to look for county advertisements, and would be compelled, in order to avoid missing some of these advertisements, to subscribe for all of the papers in which legal advertisements might be published, and to examine all of these papers for such advertisements. It is far better to have the advertisements all in

one paper, and the legislature seems to have contemplated that this should be done." *Coffee* v. *Ragsdale,* supra. In our opinion the advertisement in the instant case was legal, for the following reason: There is no provision of law authorizing two newspapers having a general circulation in a county to be jointly designated as the official medium for its legal advertisements. By reference to the code and to the act of 1910 (Ga. L. 1910, p. 87), it will be noticed that nothing is said therein as to the selection of more than *one newspaper* as the official organ for advertisements. "No sheriff, coroner, or other officer shall change the advertising connected with his office from *one paper to another,* without first giving notice of his intention to do so, in *the paper* in which his advertisements may have been published." Civil Code (1910), § 6065. "No journal or newspaper published in this State shall be declared or made *the official organ* of any county . . unless *such newspaper* shall have been continuously published and mailed to a list of bona fide subscribers for a period of two years. . . Provided, that in counties where no journal or newspaper has been established for two years *the official organ* may be designated by the ordinary, sheriff, and clerk." Act of 1910; Park's Ann. Code, § 6065 (a). It will be noted that in these sections no reference is made to more than one newspaper being the official organ, and we can not write such a provision into them. That this is the proper construction is further indicated by the language used in the decisions of the Supreme Court which have touched upon this subject. In *Coffee* v. *Ragsdale,* supra, page 705, it is further said: "When the sheriff of the county selects *a newspaper* in which to publish his legal advertisements, *that newspaper* becomes, under the code, the official medium for all county advertisements . . therein." See also page 709 of the same decision. In *Braddy* v. *Whiteley,* 113 *Ga.* 746 (39 S. E. 317), it is said: "The sheriff must publish such advertisements in *a newspaper* published at the county site of the county, if one there be, the proprietor of which is willing to do the advertising at the rates prescribed by law." See also *Dollar* v. *Wind,* 135 *Ga.* 760 (70 S. E. 335). Hence, the concurrent action of the sheriff, clerk, and ordinary of Calhoun County, in attempting to make both the Calhoun County Courier and the Edison News the official organ of said county, and paying each of them one half of the legal rates for advertisement, was

illegal and void; and the Calhoun County Courier continued to be the official organ until some other newspaper had been selected by the concurrent action of these three officers, in the method pointed out by law. No other one paper having been named by them as the official organ, there was no change as required by law. There must be *one newspaper* designated as the official advertising medium for the county, and until such another has been selected in the method pointed out by statute, the one already designated remains the official. organ. The advertisement in this case, having been properly inserted in the official organ of the county, was a legal advertisement, and the property not being forthcoming at the time and place of sale, there was a breach of the bond. There was no conflict in the testimony, and the judge properly directed a verdict for the plaintiffs. The other headnotes need no elaboration.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*