In re Estate of Ella Moody, Deceased, Mrs. George W. Lee, Executrix, Respondent, v. Lula Grace, Appellant.—83 S. W. (2d) 141.

Kansas City Court of Appeals. February 18, 1935.

*A. R. Troxell* for appellant.

*Harris, Price & Alexander* for respondent estate.

CAMPBELL, C.—The appellant Lula Grace, hereinafter called claimant, on January 27, 1930, obtained a judgment in the circuit court of Boone county in the amount of $450 against Ella Moody and Newton Moody. Ella Moody died testate March 23, 1930. Her will was proven and admitted to probate in the probate court in

Boone county. Claims against her estate in the amount of $1333.55 were allowed and classified as first and second class claims. A transcript of claimant's judgment was filed in the probate court July 1, 1930. The lien of that judgment was duly revived and copy thereof filed in the probate court on May 29, 1933. The only property owned by the decedent was real estate in Boone county. The executrix sold said real estate under order of the probate court for the sum of $1150. In March, 1932, claimant brought suit in the circuit court of Boone county, seeking to have her judgment declared a lien and charge upon the real estate owned by Ella Moody at the time of her death. That action reached this court on appeal. [Grace v. Lee, 57 S. W. (2d) 1095.] In the present proceeding, which was brought in the probate court, claimant seeks an order directing the executrix to apply a sufficient amount of the proceeds of the sale of the real estate to the payment of the claimant's judgment upon the theory that the judgment was a lien underlying the expense of administration and first and second class claims. The motion was heard and dismissed in the probate court and claimant appealed to the circuit court. The circuit court tried the matter and rendered judgment directing that the executrix distribute the proceeds of the sale of the real estate in the following order: (1) That she pay the necessary expense of administration; (2) that she pay first class claims; (3) that she pay second class claims, and (4) that she pay claimant's judgment. The claimant has appealed.

The precise question involved in this appeal was determined against the contention of the claimant herein in the Grace case, supra. It has been suggested that the opinion in that case, in so far as it relates to the question involved in this appeal, was *dictum*. That suggestion places an unwarranted construction upon the opinion. The opinion analyses the several sections of the statute governing the classification of the judgment and determines questions presented in the record.

"In Kane v. McCown, 55 Mo. 181, it is held that, where the record properly presents a question, a decision thereon is not *obiter dictum*, though, perhaps, the decision of some other point determines the affirmation or reversal of the judgment in that case." [State ex rel. Weast v. Moore, 147 S. W. 551, 552.]

The holding in the Grace case is sound and we adhere to it. It follows that the judgment in the instant case must be and is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.