McGINTY *et al. v.* CHAMBERS, clerk, *et al.*

No. 11016. APRIL 16, 1936.

*Jesse M. Sellers,* for plaintiffs.
*H. H. Anderson* and *W. B. Robinson,* for defendants.

HUTCHESON, Justice. J. Roy McGinty Sr. and J. Roy McGinty Jr., owner and editor respectively of the Chatsworth Times, on July 3, 1935, filed their petition against Robert E. Chambers as clerk of the superior court, and B. H. Wilbanks as sheriff, to

restrain them from designating the Murray Herald as the official organ of the county and from publishing the legal advertisements therein. General demurrers to the petition were overruled, and no exception was taken to that ruling. On interlocutory hearing the following facts appeared: For a period of twenty years the Chatsworth Times has published the legal advertisements of the county at the rates allowed by law, and is ready and willing to continue to do so. Before 1930 all the work of editing and publishing the Chatsworth Times was done at Chatsworth, the county seat of Murray County, but because of economic depression the actual mechanical work of typesetting, proofreading, and printing has been done at the Calhoun plant in Gordon County, approximately 28 miles from Chatsworth, and the paper is labeled to be mailed to subscribers at the Calhoun plant and brought to Chatsworth where it is mailed. The plaintiffs have contributed their time, efforts, and material means toward the upbuilding of various community interests in Chatsworth and Murray County, paying large sums in taxes, rents, insurance premiums, and salaries to those whom they have employed. On July 3, 1935, the defendants notified the plaintiffs that from and after July 10, 1935, the legal advertisements of Murray County would be published in the Murray Herald, which is published in Chatsworth, but has been published for only a few months.

The judge refused an injunction, and the plaintiffs excepted.

The Code of 1933, § 39-1101, provides that "The sheriffs and coroners shall publish weekly, for four weeks, in some newspaper published in their counties respectively,—and if there be no such paper published in the county, then in the nearest newspaper having the largest or a general circulation in such county,—notice of all sales," etc. Under this section it is the duty of such officers to publish legal advertisements in a newspaper published in the county. *Braddy* v. *Whiteley*, 113 *Ga.* 746 (2) (39 S. E. 317); *Dollar* v. *Wind*, 135 *Ga.* 760 (70 S. E. 335). However, § 39-1101 must be construed in connection with § 39-1103, which declares: "No journal or newspaper published in this State shall be declared or made the official organ of any county for the publication of sheriff's sales, ordinary's citations, or any other advertising commonly known and termed 'official or legal advertising' and required by law to be published in such county official

newspaper, unless such newspaper shall have been continuously published and mailed to a list of bona fide subscribers for a period of two years, or is the direct successor of such journal or newspaper; and no change shall be made in the official organ of any county except upon the concurrent action of the ordinary, sheriff, and clerk of the superior court of said county or a majority of said officers: provided, that in counties where no journal or newspaper has been established for two years the official organ may be designated by the ordinary, sheriff, and clerk of the superior court, a majority of these officers governing." This section was codified from the act of 1910 (Ga. L. 1910, p. 87). The title to that act is as follows: "An act to regulate the manner of selecting official county newspapers, to provide how same shall be changed; and for other purposes." In *Dollar* v. *Wind,* supra, it was held that this title was sufficiently broad to cover the provision prohibiting the selecting of a newspaper as the official organ of a county, unless it had been continuously published for two years. This act (§ 39-1103) applies alike to newspapers published in the county and those nearest the county having the largest or general circulation therein. Inasmuch as the Murray Herald has not been published and mailed to a bona fide list of subscribers for two years, it can not be designated as the official organ of the county.

The uncontradicted evidence shows that the Chatsworth Times has been continuously published and mailed to a bona fide list of subscribers for twenty years and for a like period of time has published the legal advertisements of the county. While the evidence also shows that the actual mechanical work has been done at the Calhoun plant in Gordon County for the past two years, under a proper construction of §§ 39-1101 and 39-1103 the evidence demands a finding that the Chatsworth Times is established, and has been established, for the past two years in Murray County, and is legally entitled to continue to receive the legal advertisements until some other newspaper entitled to be the official organ is so designated. *Coffee* v. *Ragsdale,* 112 *Ga.* 705 (37 S. E. 968); *Braddy* v. *Whiteley, Dollar* v. *Wind,* supra; *Rish* v. *Clements,* 21 *Ga. App.* 287 (2) (94 S. E. 318).

It appears from the pleading and the evidence that two other newspapers having general circulation in the county are nearer by miles to the county than the Chatsworth Times; and it is contended

**344**

that for this reason the Chatsworth Times has not the legal right to the designation of official organ and the publication of the legal advertisements. Mere nearness to the county line does not necessarily determine that such newspaper is the nearest within the meaning of § 39-1101. *Carter* v. *Land,* 174 *Ga.* 811 (164 S. E. 205). While upon proper notice and proper exercise of discretion by the ordinary, the sheriff, and the clerk of the superior court, or any two of them, one of such newspapers may be designated as the county organ if there be no newspaper published in the county, until such action is taken there is no question before this court as to the relative rights of the Chatsworth Times and the other newspapers. The question is the right of the Chatsworth Times as against the Murray Herald, and this right, under the record before us, is resolved in favor of the Chatsworth Times.

Whether or not the plaintiffs had an adequate remedy at law by mandamus to compel the defendants to·publish the legal advertisements in the Chatsworth Times, it appears that a general demurrer to the petition was overruled, and no exception to that ruling was taken. Under these circumstances, the petition seeking equitable relief in the nature of an injunction, the ruling on the demurrer became the law of the case, and the plaintiffs were entitled to proceed in equity.

*Judgment reversed. All the Justices concur.*