DOOLY, ordinary, *et al.* v. GATES.

No. 14100. OCTOBER 12, 1942. REHEARING DENIED NOVEMBER 13, 1942.

*Jesse M. Sellers,* for plaintiffs in error.   *W. B. Robinson,* contra.

JENKINS, Justice.   ▌ The motion by the defendant in error to strike the assignment of error on the overruling of a general demurrer to this petition for mandamus, on the ground that the copy in the record of the previously dismissed bill of exceptions, allowed by the decision of this court to be filed as exceptions pendente lite (192 *Ga.* 483, supra), should not be treated as the official copy in the trial court, because the record does not show any entry of filing thereon by the clerk of that court, is denied. The paper in the record is sufficiently identified by the order of the judge entered thereon, certifying it as exceptions pendente lite. If any further identification were necessary, the subsequent certificate by the clerk, that an actual entry of filing originally appeared on the paper and that he struck it by error, affords a sufficient correction of the mistake, as authorized by the Code, § 6-1402.   See *Henderson* v. *Willis,* 160 *Ga.* 638, 641 (128 S. E. 807) ; *Kersey* v. *Barfield,* 46 *Ga. App.* 442 (167 S. E. 925), and cit.

▌ Under the Code, § 39-1101, a newspaper qualified to be selected by the designated county officials as the official organ of the county must be one which, at the time of its selection, is published in such county, if at such time a newspaper is published in the county.   Under § 39-1103, no newspaper shall be made the official organ of any county, even though published in the county, "unless such newspaper shall have been continuously published and mailed to a list of bona fide subscribers for a period of two years, or is the direct successor of such journal or newspaper."   The Chatsworth Times, selected by the county officials, was at the time of the contest unquestionably a bona fide local newspaper of Murray County, and had been for many years, unless its local character was nullified by the fact that it had not been mechanically printed in Murray County for the two preceding years.   At the time of the present suit it was also mechanically printed in the county.

Two decisions dealing with this subject apparently can not be wholly reconciled.   The five-judge decision of *Carter* v. *Land,* 174 *Ga.* 811, 814 (164 S. E. 205), dealt only with the meaning of § 39-1101; and it was in effect apparently held that, for a newspaper to be published in a county, it must not only be published

for the county, but must be mechanically printed there. A full-bench decision in *McGinty* v. *Chambers, 182 Ga.* 341, 343 (supra), dealt with both §§ 39-1101 and 39-1103, and recognized that, in a contest with a qualified competitor, a newspaper, in order to be selected as the official organ, must have been established in the county for two years; but it was specifically held, as the basis of the decision, that such a bona fide local paper did not lose its standing as such merely because it was mechanically printed elsewhere. The full-bench decision in the *McGinty* case is controlling in this case. The *McGinty* decision in fact dealt with the particular newspaper which the county authorities have selected. Under that decision, both of the contestants are now qualified; and the selection made by the constituted authorities can not be disturbed, unless and until some newspaper entitled to be the official organ, other than the one now selected, is so designated.

In the *McGinty* case, the court used this language: "While the evidence also shows that the mechanical work [of the Chatsworth Times] has been done at the Calhoun plant in Gordon County for the past two years, under a proper construction of §§ 39-1101 and 39-1103 the evidence demands a finding that the Chatsworth Times is established, and has been established, for the past two years in Murray County, and is legally entitled to continue to receive the legal advertisements until some other newspaper entitled to be the official organ is so designated." This language is clear, specific, and directly controlling, unless, as contended, it be taken as mere obiter.

As shown by the statement of facts in the present case, there was in the *McGinty* case a demurrer to the petition for injunction, brought by McGinty as owner of the Chatsworth Times, to enjoin the county officials from carrying out their expressed purpose of designating the Murray Herald as the official organ. This demurrer was overruled, and no exception was taken to that order. The plaintiffs in the *McGinty* case planted their rights on the theory that their newspaper, the Times, was eligible for designation, and that the Herald was not. In reversing the judgment refusing an injunction, and deciding in McGinty's favor, this court could very properly have given its reasons, as it did, why the plaintiffs in that case were entitled as a matter of law to maintain their action as publishers of a newspaper eligible for designation, and

to prevail in the suit, for the reason that the other newspaper was not eligible for selection. This was true, even had it appeared—although it did not—that the order on demurrer had adjudicated as the law of the case that the Times under its averments was eligible for selection. There was nothing to prevent this court, under such circumstances, from laying down the legal rule, as one of the bases of its decision, that made the suit maintainable by the Times as party plaintiff, even though there might have existed another and different technical rule known as the law of the case, which would have required the same conclusion.

As expressed by the Supreme Court in Union Pacific Co. v. Mason City Co., 199 U. S. 160 (26 Sup. Ct. 19, 50 L. ed. 134), "Whenever a question fairly arises in the course of a trial, and there is a distinct decision of that question, the ruling of the court in respect thereto can in no just sense be called mere dictum;" and "where there are two grounds, upon either of which the judgment of the trial court can be rested, and the appellate court sustains both, the ruling on neither is *obiter,* but each is the judgment of the court and of equal validity with the other." See, to like effect, U. S. v. Title Insurance Co., 265 U. S. 472, 486 (44 Sup. Ct. 621, 68 L. ed. 1110) ; Railroad Cos. v. Schutte, 103 U. S. 118, 143 (26 L. ed. 327) ; Commonwealth v. Dodson, 176 Va. 281 (11 S. E. 2d, 120, 125) ; Kane v. McCown, 55 Mo. 181, 199; In re Moody's Estate, 229 Mo. App. 625 (83 S. W. 141, 142) ; Coombes v. Getz, 217 Cal. 320 (18 Pac. 2d, 939, 943) ; Jones v. Mutual Creamery Co., 81 Utah, 223 (17 Pac. 2d, 256, 85 A. L. R. 908) ; Woodard v. Pacific Fruit Co. 165 Ore. 250 (106 Pac. 2d, 1043, 131 A. L. R. 832) ; City of Detroit v. Pacific Utilities Com., 288 Mich. 267 (286 N. W. 368, 379) ; Casparis v. Fidelity Union Casualty Co. (Tex. Civ. App.), 65 S. W. 2d, 404, 406; 14 Am. Jur. 298, § 83; 29 Words & Phrases, 13; 12 Words & Phrases, 380. But there appear to be two additional reasons why the quoted adjudication in the *McGinty* case can not be taken as obiter.

First. It appears from an examination of the record in the *McGinty* case that the demurrer was not brought to this court with the bill of exceptions; and there is no way for this court to determine the scope and effect of the judgment of the trial court overruling the demurrer in that case. The demurrer might not have questioned the eligibility of the Chatsworth Times. In overruling

the demurrer of the county officials to the petition of the Times, all that the trial court may have determined might have been that the petition did not show on its face that the Murray Herald was eligible to be designated by the officials.

Second. As an additional reason why the quoted language in the McGinty decision can not be treated as obiter, it appears that the judge in that case, after overruling the general demurrer to the petition on grounds which are not indicated, proceeded to hear evidence on both sides, including the sworn pleadings and oral testimony of the petitioners with their cross-examination. The judge then dissolved the previous restraining order, and assigned as the reason therefor that "after hearing the evidence . . the court is not convinced that the plaintiffs [Chatsworth Times] have a clear legal right to injunctive relief, and does not feel justified in setting aside discretionary acts of county officers acting under discretionary powers." In subsequently refusing an interlocutory injunction in the *McGinty* case, the judge referred to this quoted order. No reference was made in either order to the ruling on demurrer. Nor did the bill of exceptions in any wise invoke for the plaintiff in error (Chatsworth Times) the previous holding on demurrer as settling the "law of the case," and as entitling them to a holding in their favor upon proof without dispute of the averments of their petition. Their bill of exceptions merely assigned error generally on the refusal of the injunction as "contrary to law," and because "the court should have then and there granted the injunction," with only two specific assignments of error, which referred merely to "the pleadings and evidence" as showing that the Chatsworth Times "had been the established official organ for twenty years;" that "no other newspaper" had been "published at Chatsworth, Georgia, for a period of two years;" and stated that there was "no pleading or evidence" that the Times "has in any way abandoned its position as the official organ of Murray County." There was no cross-bill of exceptions by the county officials, in the *McGinty* case, attacking the ruling on demurrer; and therefore the only questions which were before this court in rendering that decision were such as were raised by the exceptions actually taken. In an equity cause, upon a general exception to an order on injunction as "contrary to law," this court will consider only "whether there was sufficient evidence to support the

finding and judgment," without looking to any particular error of law that is not raised by some specific exception. *Calhoun* v. *Ozburn*, 186 *Ga.* 569, 571 (198 S. E. 706); *Newman* v. *Arnold*, 176 *Ga.* 387, 388 (168 S. E. 27). Accordingly, since it is manifest that the former decision of the trial judge was based on the sworn pleadings as evidence with the oral testimony, without any reference to the previous ruling on demurrer, and since the ruling on demurrer was in no wise invoked or attacked in any exception, neither that ruling nor its effect was before this court in the *McGinty* case; but the refusal of an injunction was reversed because of "the uncontradicted evidence," and because "the evidence demands a finding that the Chatsworth Times is established, and has been established, for the past two years in Murray County."

*Judgment reversed. Reid, C. J., Bell, P. J., and Grice and Duckworth, JJ., concur.*