HUNT *et al. v.* GLENN.

No. 17006.   MARCH 14, 1950.

*Lanham, Parker & Clary,* for plaintiffs in error.

*E. J. Clower,* contra.

ALMAND, Justice.   The exception here is to an order granting a writ of mandamus absolute, requiring the Floyd County Board of Education to pay to the plaintiff the sum of four cents per mile for each mile traveled in driving a school bus owned by the county, in addition to his basic salary, for the months of September, October, and November, 1949.

Under the provisions of section 1 of the act approved March 28, 1947 (Ga. L. 1947, p. 1461), the State Board of Education was authorized to use a part of the common-school fund to pay the salaries of bus drivers employed by county boards of education, and to administer "all funds allocated or appropriated or otherwise made available by the State of Georgia for pupil transportation." Code (Ann. Supp.), § 32-423.   Said board was also authorized by that section to establish "a minimum salary schedule for all bus drivers, provided there shall be a differential in the minimum salary schedule  .  .  for drivers of publicly owned buses and privately owned buses." Code (Ann. Supp.), § 32-424.

In the general appropriations act of 1949, approved February 25, 1949 (Ga. L. 1949, p. 1509), under the heading of appropriations for general educational purposes, after appropriating a specific sum for common school purposes, the General Assembly attached the following provisos:

"Provided, that the State Board of Education shall establish the necessary rules and regulations so that the necessary amount of the funds distributed to school systems for administrative purposes from the funds hereby appropriated shall be used specifically for additional compensation of bus drivers and said funds

shall be distributed monthly during a school term to the county school systems on the basis of four cents per mile for the total route miles traveled each month by school bus for school purposes as reported to the State Department of Education for the school year 1946-1947. The State Board of Education shall fix minimum salaries for bus drivers.

"Provided further, each bus driver shall receive additional compensation above the amount of compensation in force and effect for the school year 1946-1947, on the basis of four cents per mile for the total route miles traveled each month driving a school bus, during a school term for school purposes, based on mileage reported as above stated.

"Provided further, that this authorization and direction shall remain in force and effect until the passage and approval of an Act of the General Assembly authorizing the State Board of Education to establish other rules and regulations governing the operation of school buses."

After passage of this act, the State Board of Education allotted to the Board of Education of Floyd County the sum of $14,765.32, representing the determined amount based upon the total school-bus mileage driven by school-bus drivers of Floyd County for the school year 1946-1947, which amount would be sufficient to pay the monthly demands for the school year 1949-1950 for all school-bus drivers in the Floyd County School system. On October 1, 1949, the State Board of Education adopted the following rule:

"Minimum Salary Schedule for Bus Drivers. As provided by law directing that the State Board of Education shall fix minimum salaries for bus drivers, the following minimum salaries are, hereby, fixed: 1. Contracted transportation (including all the cost of operation, furnishing equipment, etc.). The minimum compensation shall be not less than the contract price for the school year ended June 30, 1947, plus 4¢ per mile. 2. Salaried drivers (county-owned equipment with county defraying all expenses). The minimum salary of the bus driver shall be the salary paid for the year ended June 30, 1947 plus 2¢ per mile."

Pursuant to this rule, the Floyd County Board of Education paid to the plaintiff, a school-bus driver employed by the Floyd County Board of Education, for the months of September, Oc-

tober, and November, a basic salary of $66 per month. The plaintiff insisted that he was entitled to be paid, in addition to such basic salary, the sum of four cents per mile for the total miles that the school bus was operated for said months, but the County Board of Education asserted that, under the rule of the State Board of Education above quoted, they were only authorized to pay him, in addition to his basic salary, the sum of two cents per mile. The plaintiff thereupon brought his petition for mandamus to compel the County Board of Education to pay him as additional compensation the amount of four cents per mile traveled in the transportation of pupils. The case was tried upon an agreed statement of facts. It was admitted by the defendant Board of Education that, if the rule of the State Board of Education fixing the additional compensation at two cents per mile for bus drivers of public-owned buses was invalid, it owed the plaintiff an additional sum of $66.24 for the months of September, October, and November, 1949; and it was admitted by Glenn that, if said rule of the State Board of Education was valid the defendant owed him a balance of $19.62 for said months. It was agreed that the County Board of Education had on hand a sufficient sum of money allotted to it by the State Board of Education to meet the claimed demand, if it be held that the plaintiff was correct in his claim. The trial judge awarded a mandamus absolute, and held that the rule of the State Board of Education fixing the minimum salaries of bus drivers operating county equipment the same as paid for the year ending June 30, 1947, in so far as it limited additional compensation to two cents per mile, was invalid, and that the plaintiff was entitled, in addition to his basic salary, to the sum of four cents per mile, based upon the 1946-1947 mileage as reported to the State Board of Education.

Though the State Board of Education, under section 1 of the act of 1947, supra, was authorized and empowered to establish a minimum salary schedule of public-owned buses different from the salary schedule for drivers of privately owned buses in the transportation of pupils, the General Assembly, in the general appropriations act of 1949, supra, in allocating funds for the operation of common schools, did not expressly or impliedly authorize the State Board of Education, by rule or regulation, to

make a differential in the payment of additional compensation to be paid school-bus drivers upon miles traveled each month. Under the provisions of this law, the State Board of Education was authorized to make rules and regulations so that the funds distributed to the school systems should be used specifically "for additional compensation of bus drivers . . on the basis of four cents per mile for the total route miles traveled each month by the school bus for school purposes as reported to the State Board of Education for the school year 1946-1947." The General Assembly made it clear that its purpose was to give to all bus drivers, as additional compensation, the sum of four cents per mile, without regard to whether the buses were publicly or privately owned, but that the State Board of Education should fix minimum salaries of drivers, and that the direction given in this appropriation act should remain in force and effect until the General Assembly authorized the State Board of Education "to establish other rules and regulations governing the operation of school buses." The State Board of Education, as an administrative agency of the State in administering funds appropriated for the common schools, may make rules and regulations which are in harmony with the purposes of the law, but is without authority to make any rule or regulation which alters or limits the statute being administered.

The trial judge did not err in ruling that the State Board of Education was without authority to make the rule which limited the county board of education in paying compensation to school-bus drivers, in addition to their basic salary, to the sum of two cents per mile for mileage traveled where the bus was publicly owned. Nor did he err in making the mandamus absolute.

*Judgment affirmed. All the Justices concur.*