TRUSSELL *v.* MARTIN, County School Superintendent, *et al.*

No. 17317. FEBRUARY 12, 1951.

*W. F. Blanks,* for plaintiff.

*John S. Averill Jr.,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) As shown by our statement of the facts, the court sustained a general demurrer to and dismissed the amended petition upon the ground that it did not state a cause of action for the writ of mandamus. Concededly, all other questions presented for decision by the writ of error will become 'moot if we sustain the trial court's ruling on the demurrer; and, for the following reasons, we are of the opinion that the court's ruling on the demurrer was proper:

(a)  Mandamus will not be granted to require an illegal act to be done by a public official, or to compel the performance of an act where no duty is imposed by law. *Adkins* v. *Bennett,* 138 *Ga.* 118 (74 S. E. 838); *Cureton* v. *Wheeler,* 172 *Ga.* 879 (159 S. E. 283); *Bowles* v. *Etheridge,* 176 *Ga.* 660 (168 S. E. 769). To entitle one to the writ of mandamus, it must appear from the petition therefor that the applicant has a clear legal right to have performed the particular act which he seeks to have enforced. Code, § 64-101; *Douglas* v. *Board of Education of Johnson County,* 164 *Ga.* 271 (138 S. E. 226); *Hodges* v. *Kennedy,* 184 *Ga.* 400 (191 S. E. 377); *Harmon* v. *James,* 200 *Ga.* 742, 744 (38 S. E. 2d, 401).

(b)  The petition for mandamus in the instant case is based upon the provisions of section 7 of the General Appropriations Act of 1949 (Ga. L. 1949, pp. 1506, 1508). That section of the act, after appropriating a stated amount for common-school purposes, contains the following: "Provided, that the State Board of Education shall establish the necessary rules and regulations so that the necessary amount of the funds distributed

to the school systems for administrative purposes from the funds hereby appropriated shall be used specifically for additional compensation of bus drivers and said funds shall be distributed monthly during a school term to the county school systems on the basis of four cents per mile for the total route miles traveled each month by school bus for school purposes as reported to the State Department of Education for the school year 1946-1947. The State Board of Education shall fix minimum salaries for bus drivers.

"Provided, further each bus driver shall receive additional compensation above the amount of compensation in force and effect for the school year 1946-47, on the basis of four cents per mile for the total route miles traveled each month driving a school bus, during a school term for school purposes, based on mileage reported as above stated.

"Provided, further that this authorization and direction shall remain in force and effect until the passage and approval of an Act of the General Assembly authorizing the State Board of Education to establish other rules and regulations governing the operation of school buses.

"Provided, that the State Board of Education shall within the first thirty days of each fiscal period make an apportionment of this appropriation together with other funds available to the various activities of the Department of Education and immediately report same to the State budget authorities for approval. After said apportionment is approved, any and all obligations or commitments made which are in excess of the funds apportioned, shall be null and void and all expenditures shall be governed by the laws and budget regulations of general application which are or may be in force and effect."

The State Board of Education, as required by the provisions of the cited act, did on October 1, 1949, fix minimum salaries for school-bus drivers, as shown by our statement of the facts. However, this court, in *Hunt* v. *Glenn*, 206 *Ga.* 664 (58 S. E. 2d, 137), held that all bus drivers, whether operating a publicly owned or privately owned bus, were in virtue of the applicable provision of the Appropriations Act of 1949 entitled to four cents a mile for each route mile traveled for school purposes, as additional compensation therefor over and above the compensation

of force and effect during the school year 1946-47; and that the State Board of Education in fixing two cents a mile as additional compensation for the drivers of publicly owned buses exceeded the rule-making power given it by the act. Under our ruling in the *Hunt* case, supra, if the plaintiff in the instant case had operated a publicly owned bus for the school year 1949-50, as he did for the school year 1946-47, he would have been entitled to a minimum salary of $495—his salary in force and effect for the school year 1946-47, plus additional compensation of $252—four cents a mile for the 6300 route miles traveled by him for school purposes during the school year 1946-47, or a total minimum salary of $747. But the petition shows that for the school year 1949-50, under a contract which expressly required him to furnish necessary bus equipment and pay all operating expenses, the plaintiff operated for pupil transportation his privately owned school bus for a salary of $204.57 per month, or $1841.13 for the school year of nine months, which has been paid to him in full by the defendants. In other words, the petition affirmatively shows that the defendants, in their official capacity, have already paid to the plaintiff, for the school year 1949-50, under the terms of their written school-bus contract with him, and in full compliance therewith, $1094.13 over and above the minimum compensation which he would have been entitled to, as a bus driver for the school year 1949-50, under the provisions of the Appropriations Act of 1949 and the rules and regulations passed, pursuant thereto by the State Board of Education, as those rules and regulations were changed by our ruling in the *Hunt* case, supra, had his status as a school-bus driver not changed. In these circumstances, it can not be said, as a matter of law, that the additional compensation for bus drivers, as provided by the aforesaid act and regulations, has not been previously paid to the plaintiff. Consequently, the pleader has not shown, as he was required to show *(Carter v. Land,* 174 *Ga.* 811, 164 S. E. 205), that the plaintiff has a clear legal right to have performed the particular act which he presently seeks to have enforced, and that a plain legal duty rests upon the defendants to perform the act which he seeks to compel by a resort to the extraordinary remedy of mandamus; and this is true notwithstanding an alle-

gation in the petition that the contract salary paid to the plaintiff for the school year 1949-50, after deducting operating expenses and the depreciated value of his equipment, left him a net salary of less than the amount paid him for the school year 1946-47, as the driver of a publicly owned school bus, because the act of 1949 and the rules and regulations passed pursuant thereto make no provision for a net increase in salary where the school-bus driver's status has changed, as in this case, from the driver of a publicly owned to that of a privately owned bus, and where the latter, by the terms of his contract, is to furnish necessary equipment and pay all operating expenses for a stipulated amount. In the brief for the plaintiff in error, counsel says "that the untimely change in status placed the plaintiff in a position where neither the statute nor the directive by the State Board of Education covered him," and our view of the case accords with this. It follows, therefore, that the petition did not state a cause of action for the relief sought.

*Judgment affirmed. All the Justices concur.*