18769. VEAL v. WASHINGTON COUNTY BOARD OF EDUCATION et al.

CANDLER, Justice. F. W. Veal instituted mandamus proceedings against five named persons in their respective official capacities as the members of Washington County's Board of Education, and against J. C. Page as County School Superintendent of Washington County, to compel the payment of $272.60, which he claimed the county board of education owed him as a bus driver · for the school year 1952-53, consisting of nine months. The defendants, after admitting that they held the official positions alleged in the petition, denied that the board owed the plaintiff any sum whatever, and averred that the board had not only paid pro rata to the bus drivers of that county all money sent to it by the State Board of Education for pupil transportation, but that it had also paid to them $10,002.81 from funds provided by Washington County. It was also averred that the board had entered into a four-year contract with the plaintiff to transport, with his privately owned bus, all pupils on School Route 26, which included the school year of 1952-53, for $200 per month. By agreement, the case was heard by the judge without a jury. No evidence was introduced, but the following facts were stipulated by the parties to be true: On July 7, 1949, the plaintiff entered into a contract with the Washington County Board of Education by the terms of which he agreed to furnish a bus, maintain it at his own expense, and transport the school children on School Route 26 for the school years of 1949-50 to 1952-53, inclusive, consisting of nine months each, for $200 per month. For the school year 1951-52, the plaintiff was paid for pupil transportation $2,156.91—his contract salary of $1,800 for 9 months plus supplements of $356.91 which the State Board of Education and Washington County furnished for that school year. These supplements include one which the board made on November 6, 1951, of two cents for each route mile traveled by the plaintiff, and this supplement was paid to and accepted by the plaintiff with the understanding that it "would be credited to future advances [for pupil transportation] from the State Board of Education." For the school year of 1952-53 of nine months, the plaintiff as the driver of his privately owned and personally maintained bus was paid $2,393.28—his contract salary of $1,800 plus supplements of $593.28, and these supplements were paid from funds furnished by the State Board of Education and by Washington County. Since the board has expended for pupil transportation all funds received by it from the State Board of Education and from Washington County which can be lawfully used for transportation purposes, it will be necessary for it to use the transportation funds which it will receive for the school year 1953-54 to pay the plaintiff's claim and the claims of the other bus drivers of the county similarly situated if mandamus absolute is granted in this case. On these stipulated facts, the judge refused to grant mandamus absolute and the exception is to that judgment. Held:

1. "Before mandamus will issue, the law must not only authorize the act to be done, but must require its performance (Hart v. Head, 186 Ga. 824, 199 S. E. 125); and to entitle one to the writ of mandamus, it it must appear that he has a clear ·legal right to have performed the particular act which he seeks to have enforced." Harmon v. James, 200

*Ga.* 742, 744 (38 S. E. 2d 401). See also *Trussell* v. *Martin,* 207 *Ga.* 553 (63 S. E. 2d 361), and citations.

2. A statute entitled "An Act to Establish a Minimum Foundation Program for Education in Georgia" was passed by the legislature in 1949. Ga. L. 1949, p. 1406. Section 9 of the act gave a formula which the State Board of Education was required to use in calculating the funds needed by a county school system to defray the expenses of its pupil transportation. In 1952 and by an act which the Governor approved on February 15, 1952, the legislature amended the act of 1949 by striking section 9 in its entirety and by inserting in lieu thereof a new section 9 (Ga. L. 1952, p. 400). The amended act, by the inserted section, gives a different formula to be followed by the State Board of Education in calculating the amount of funds needed by a county school system for the purpose of defraying the expenses of pupil transportation, and the amendment also provides: "The State Board of Education shall annually fix a schedule of minimum salaries which shall be paid to the drivers of school buses in all counties of the State. This schedule of minimum salaries shall be determined annually. This salary schedule shall be uniform for all bus drivers transporting twelve or more school children, and shall be considered separate and apart from the expense in purchasing, maintaining and operating the vehicle itself. County school authorities may not pay to any bus operator in its employment transporting twelve or more children a salary less than the minimum salary prescribed by the State Board of Education as provided above. County school authorities may supplement the salaries of any of its bus operators, and in fixing the amount thereof may take into account the nature of the duties to be performed, the responsibility of the position, the experience and individual worth of the bus operator. This salary schedule shall be used by the State Department of Education to disburse State funds to local administrative units for the purpose of compensating bus drivers for their services and shall become effective if and when additional State funds are appropriated or otherwise made available. Funds granted to a local unit of administration for transportation shall be spent only for transportation purposes. Provided, however, notwithstanding any of the provisions of this Act to the contrary, that upon the passage and approval of this Act, all school bus drivers employed by county boards of education to drive school buses shall receive $25.00 per month for ten months each year in addition to their 1951-52 salary, and all contract school bus drivers, joint ownership or otherwise, shall receive $50.00 per month for ten months each year in addition to their 1951-52 contracts."

3. The stipulated facts show: For the school year 1951-52, consisting of nine months, the plaintiff under his contract with the Washington County Board of Education was paid a salary of $200 per month for a period of nine months, or $1,800. In addition to this, the board, as a supplement to his contract salary of $1,800, paid him $356.91 with the understanding that from such supplements an amount equal to two cents per route mile traveled by him during the school year 1951-52 would be accounted for by him out of future funds furnished by the State Board of Education for pupil transportation. For the school year 1952-53 the plaintiff was paid his contract salary of $1,800 plus

supplements of $593.28, which included funds furnished by Washington County and $50 per month for ten months or $500 furnished by the State Board of Education for pupil transportation. Under the provisions of the amending act of 1952, he was entitled to his contract salary of $1,800 plus $50 per month for ten months or $500. Therefore, it appears from the stipulated facts that the plaintiff, as the driver of a privately owned and personally maintained school bus, has received from the county board of education more than it was required to pay him under the amendment of 1952, and that the board has disbursed pro rata among its school bus drivers all funds received by it for pupil transportation from all sources. This being true, it necessarily follows that the trial judge did not err, as contended, in refusing to grant mandamus absolute. For other cases dealing with the compensation provided for school bus drivers, see *Hunt* v. *Glenn*, 206 *Ga.* 664 (58 S. E. 2d 137), and *Trussell* v. *Martin*, supra.

*Judgment affirmed. All the Justices concur. Mobley, J., concurs in the judgment only.*

ARGUED OCTOBER 13, 1954—DECIDED NOVEMBER 9, 1954.

*Emory L. Rowland,* for plaintiff in error.
*Irwin L. Evans, Jack B. Taylor,* contra.