19562. SMITH *et al. v.* KICKLIGHTER.

MOBLEY, Justice. The exception in this case is to an order making a writ of mandamus absolute and requiring the defendants as members of the Board of Education of Evans County to pay the plaintiff a sum of money equal to four cents per mile per month for each mile traveled during 1949-1950 in driving a school bus owned by the county, which sum is in addition to his basic salary as a driver. Under sec. 1 of the act of the General Assembly (Ga. L. 1947, p. 1461), the State Board of Education was authorized to use a part of the common-school funds to pay the salaries of bus drivers employed by county boards of education and to administer "all funds allocated or appropriated or otherwise made available by the State of Georgia for pupil transportation." Code (Ann.) § 32-423. In the general appropriation act of 1949 (Ga. L. 1949, p. 1506), under the heading of appropriations for general educational purposes, after appropriating a specific sum for common-school purposes, the General Assembly attached the following proviso: "Provided that the State Board of Education shall establish the necessary rules and regulations so that the necessary amount of the funds distributed to school systems for administrative purposes from the funds hereby appropriated shall be used specifically for additional compensation of bus drivers and said funds shall be distributed monthly during a school term to the county school systems on the basis of four cents per mile for the total route miles traveled each month by school bus for school purposes as reported to the State Department of Education for the school year 1946-1947. The State Board of Education shall fix minimum salaries for bus drivers. Provided, further, each bus driver shall receive additional compensation above the amount of compensation in force and effect for the school year 1946-1947, on the basis of four cents per mile for the total route miles traveled each month driving a school bus, during a school term

for school purposes, based on mileage reported as above stated." P. 1508. The case was submitted to the trial court upon an agreed statement of facts, in which it was stipulated that "the State Board of Education turned over to the Evans County Board of Education for the year 1949-1950, a sum of money to be used for additional compensation of bus drivers, said additional sum being on the basis of four cents per mile for the total route miles traveled by school bus drivers for school purposes as reported to the State Department of Education for the school year 1946-1947"; that for the year 1946-1947, the county Board of Education of Evans County did not have any fixed or basic salaries for bus drivers, but contracted with one man for the transportation of pupils over several routes at a lump-sum price for all routes; that this contractor paid for all maintenance and operating expenses and furnished all equipment except the school-bus bodies, which the board furnished; that he procured the bus drivers upon such terms as were agreed upon by him and them; that the routes serviced by him included route No. 8, which was the route the plaintiff drove during the school year 1949-1950. It was further stipulated that, for the year 1949-1950, the board owned and operated and maintained all school buses on all routes and paid the plaintiff, as driver of route No. 8, a salary of $82.20 per month for 9 months, or a total salary of $739.80 for the year. *Held:*

The plaintiff contends that, under the provisions of the general appropriations act quoted above, each bus driver for the year 1949-1950 should receive additional compensation, above the amount of compensation in force and effect for the year 1946-1947, at the rate of four cents per mile; and that he is entitled to four cents per mile on the total mileage traveled on his route during 1949-1950 in addition to his regular compensation. Under the pleadings and the agreed statement of facts— which clearly show that a salary was not paid by the Evans County Board of Education to the driver of the school bus on route No. 8 in 1946-1947, and that therefore there was no basic salary established for that route in that year—we can not conclude as a matter of law that the compensation paid to the plaintiff for the school year 1949-1950 did not include the four cents per mile provided in the act of 1949, supra, and paid to the county Board of Education by the State Board of Education. We cannot agree with the plaintiff's contention that,

inasmuch as there was no basic salary for route No. 8 in 1946-1947, the salary for 1947-1948, the first year in which a salary was established for said route, should be used as a basis upon which to compute his salary for 1949-1950. The act of 1949 does not authorize this to be done, but, to the contrary, specifically provides that the board shall pay four cents per mile per month in addition to the salary paid for the year 1946-1947. "Before mandamus will issue, the law must not only authorize the act to be done, but must require its performance (*Hart* v. *Head*, 186 *Ga.* 824, 199 S. E. 125) ; and to entitle one to the writ of mandamus, it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced." *Harmon* v. *James*, 200 *Ga.* 742, 744 (38 S. E. 2d 401). See *Veal* v. *Washington County Board of Education*, 211 *Ga.* 204 (84 S. E. 2d 565) ; *Hunt* v. *Glenn*, 206 *Ga.* 664 (58 S. E. 2d 137) ; *Trussell* v. *Martin*, 207 *Ga.* 553 (63 S. E. 2d 361). In view of the foregoing, the trial court erred in making the mandamus absolute and ordering the Evans County Board of Education to pay the plaintiff $199.80.

*Judgment reversed. All·the Justices concur.*

ARGUED JANUARY 14, 1957—DECIDED FEBRUARY 11, 1957.

R. K. *Girardeau*, for plaintiffs in error.
F. C. *Drexel*, J. *Saxton Daniel*, contra.