## 45247. CLAYTON COUNTY v. EVANS.
(366 SE2d 282)

MARSHALL, Chief Justice.

Clayton County filed a petition for the writ of mandamus against David C. Evans, Commissioner of the Georgia Department of Corrections. *Count 1* sought mandamus based upon the statutory obligations placed upon the commissioner by OCGA § 42-5-50 (b), i.e., to assign state felony prisoners under sentence in the county's custody to a state correctional institution within 15 days after receipt of the information provided for in subsection (a) of that statute, and by § 42-5-51 (c), i.e., to transfer such prisoners to the place of confinement within 15 days after receipt of proper documentation from the clerk of the sentencing court, failing which the department "will" reimburse the county, "in a sum not less than $7.50 per day per inmate and in such amount as may be appropriated for this purpose by the General As-

sembly, for the cost of the incarceration, . . . ." *Count 2* sought mandamus nisi directing the defendant commissioner to reimburse the plaintiff county under the provisions of § 42-5-51 (c), supra. The answer admitted that a substantial number of state prisoners under sentence were incarcerated in the plaintiff county's jail, and that the amount spent per day per inmate by the county for their incarceration was in excess of the $8.50 for which the department reimbursed the county. Following an evidentiary hearing, the trial court denied the relief sought, on the ground that the plaintiff had not demonstrated a clear, legal right thereto. We affirm.

The county contends that the above two statutory provisions make it mandatory and nondiscretionary that the department remove any inmate who has been sentenced to the custody of the department within 15 days after the receipt of the specified documentation. However, the General Assembly — aware of the problem of the existence of overcrowded state prisons — made provision in OCGA § 42-5-51 (c) for the reimbursement to the county, in amounts which the General Assembly would appropriate, for the cost of incarcerating state prisoners for whom there was no space in the state prison system. Thus, the provisions in § 42-5-50 (b) for the removal of such prisoners from the county jails constitute a directory, rather than a mandatory, requirement.

OCGA § 1-3-1 (c) provides:

A substantial compliance with any statutory requirement, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law.

This provision of statutory construction has been applied in many cases to statutes which provide that certain acts must be performed by public officials within specified periods of time. See, e.g., *Hardison v. Fayssoux*, 168 Ga. App. 398, 400 (309 SE2d 397) (1983) and cits. Under the circumstances, the department has accomplished the substantial compliance with the statutes required by OCGA § 1-3-1 (c).

Nor does the evidence show that state prisoners were "assigned" to serve sentences in the county's jail without the county's approval, as is prohibited by OCGA § 42-5-51 (d). Rather, the prisoners were merely temporarily incarcerated in the county jail, with the reimbursement provided by § 42-5-51 (c), until such time as space could be made available for their transfer to a state correctional institution. Without adequate space, a mandated transfer to state facilities would be impossible without violating the prisoners' constitutional rights.

Before mandamus will issue, the law must not only authorize the act to be done, but must require its performance [cit.]; and to entitle one to the writ of mandamus, it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced. [Cit.] *Veal v. Washington County Bd. of Education,* 211 Ga. 204 (1) (84 SE2d 565) (1954).

Impossibility of performance by the public official is universally recognized as a defense in mandamus proceedings. OCGA § 9-6-26; *Hollis v. Jones,* 187 Ga. 14, 19 (199 SE 203) (1938) and cit.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1988.

*Glaze, Fincher & Bray, George E. Glaze, Steven M. Fincher,* for appellant.

*Michael J. Bowers, Attorney General, Michael E. Hobbs, Senior Assistant Attorney General,* for appellee.