## BLACKSTONE v. CENTRAL OF GEORGIA RY. CO.

1. Though the petition of an employee of a railway company, suing the latter for personal injuries, may contain allegations from which it might be inferred it was the plaintiff's duty to have known and to have removed the cause from which his injuries resulted, yet, when such an inference does not necessarily follow from the averments of the petition taken as a whole, and it affirmatively alleges that the plaintiff was "wholly without fault" and that at the time he was in-

jured he was attending to his duties and was not aware of the danger to which he was exposed, the petition is good as against a general demurrer.

2. Where, however, the cause of the injury was alleged to be a pole concerning which the petition in general terms only alleged that it was "too near the track," and the defendant by special demurrer made the point that the petition did not allege "how near said pole was to the track," the petition ought to have been amended so as to set forth the facts as to this matter more fully and explicitly; and in the absence of such an amendment, this court will not reverse a judgment sustaining the demurrer and dismissing the action.

Argued June 8,—Decided July 19, 1898.

Action for damages.   Before Judge Eve.   City court of Richmond county.   September 11, 1897.

The petition alleged, that while plaintiff was in the employment of defendant as yardmaster, his duties being to switch, make up trains of cars in the yard, superintend their transfer to the main line of the road, and do general yard-work, it became necessary to couple a freight-car to a switching-engine and cars in the yard.   Several attempts were made to effect a coupling, without success, owing to the difference in the height of the couplers and bumpers of the cars, the cars having automatic couplers, and one three inches higher than the other.   Finally he succeeded in coupling the cars, and ordered the train to move on.   He mounted the outside ladder of the next to the hindmost car from the engine, as it was his duty to do; and as cars having bumpers and couplers of unequal height are liable to become uncoupled while in motion, it was also his duty to watch and look out for such an emergency.   Accordingly, when the train of cars was put in motion and was running at seven or eight miles per hour, and while he was carefully and securely standing on the ladder and looking back towards said car, as his duty required him to do, he was struck by an electric-light pole in the yard of the company, on the side of the track of said road, and thrown to the ground in an insensible condition, and thus sustained injuries described.   At the time of the injury he was in the discharge of his duty and wholly without fault.   He could not, while attending his duties, have seen the electric-light post, and was not aware that it was so near the track as to be dangerous to one in the position he oc-

cupied.   His injuries were occasioned solely by the negligence
of said company in erecting and maintaining an electric-light
pole in the yard of the company too near the track.

*H. C. Roney,* by *J. R. Lamar,* for plaintiff.
*J. C. C. Black,* for defendant.

LITTLE, J.   1. The question presented is, whether or not the
petition set out a cause of action.   The defendant contends
that it does not, because it appears that the plaintiff's injury
was caused by his own negligence, and because by the exercise
of ordinary care he could have avoided the consequences of the
defendant's negligence, and because it appears that the plain-
tiff was not free from fault, and because it was the duty of the
plaintiff to have known of the situation of the electric pole, and
because the petition does not allege how near the pole was to the
track.   We are not able to say that all of the reasons given in
the demurrer are sound.   The allegation of the petition is,
that the plaintiff was in the discharge of his duty when he was
injured.   It is true that at the time he was injured he was
mounted on a ladder attached to one of the cars while the train
was in motion.   Ordinarily this would be held an act of neg-
ligence; but referring to it, the petitioner alleges that it was
his duty to place himself in that position.   It would also seem,
in the absence of explanation, that the plaintiff could have
avoided the consequences of the defendant's negligence, if it
was negligent, by the exercise of proper care on his part; but
the allegations in the petition are, that the very acts which seem
to show a want of prudence were done strictly in the discharge
of the plaintiff's duty.   We are not at liberty to disregard such
allegations in construing the petition, and can not therefore
say that, notwithstanding such allegations, the plaintiff con-
tributed to the injury, or that he could have avoided the same
by the exercise of proper care, or that the injury was occa-
sioned by his own negligence; nor can we rule, as a matter of
law, that it was the plaintiff's duty to have known of the elec-
tric pole which caused his injury and its proximity to the track.
While the petition sets out the fact that the plaintiff at the
time of the injury was yardmaster of the defendant in its rail-

road-yards in the city of Augusta, it also sets forth the duties of such an employee; that is, it was his duty to switch and make up cars and trains of cars in the yard, superintend their transfer to the main line of road, and to do general yard-work. What duties other than those enumerated this work imposed, we have no means of ascertaining. We of course recognize the principle, that if the plaintiff had knowledge of the location of the electric pole, or if from his duties as yardmaster or his familiarity with the yard he was chargeable with such knowledge, or if he had charge and control of the yard in which the pole was located, with power, as representative of the defendant, to place such pole in proper position, he would not be entitled to recover; but the petition does not contain any reference to these facts. On the contrary, it alleges that at the time the plaintiff received the injury, he was in the discharge of his duty and was wholly without fault, and that the injury sustained by him was occasioned by the negligence of the company, in erecting and maintaining such pole at the place where it was located. Therefore we can not say as a matter of law that, because he discharged all the duties of yardmaster, it was within his power to remove such pole, nor that he was chargeable with notice thereof, nor necessarily guilty of negligence in occupying the dangerous position in which he voluntarily placed himself at the time of the injury.

2. In setting out the manner in which the injuries were inflicted, the plaintiff alleged that he was struck by an electric-light pole in the yard of the company on the side of the track of said road, and that said electric-light pole was *too near the track,* and caused the injury which he sustained. If the plaintiff is entitled to recover, it is because of the negligence of the defendant or some of its agents, and such injury must have been sustained by the plaintiff without any negligence on his part. While the petition sets out as a fact that the injury was sustained because the pole was erected and maintained too near the track, these allegations are too general and indefinite to withstand the effect of a special demurrer. Whether or not the pole was too near the track is a question of fact to be determined by the jury. For some purposes it might be, for others

not; and when one is injured by coming in contact with some object near the track of a railroad while in the performance of his duty in the running and operation of a train of cars, it is not sufficient to allege in general terms that such object was erected too near the track, because such allegation is a conclusion and does not of itself show a specific act of negligence in having erected and maintained such object. We do not mean to say that, in the absence of a special demurrer directed to this general allegation, the petition would not, when considered as a whole, be held to be good; but in this case the defendant specially demurred to this allegation as being insufficient, and as the plaintiff counted solely upon the erection and maintenance of this pole too near the track, as the only act of negligence on the part of the defendant, we must rule that the allegation was too general to withstand the effect of the special demurrer, and upon its interposition the defendant was entitled to have the facts as to this matter more fully and explicitly set out. The general allegation could of course have been cured by amendment, but that was not done, nor offered to be done; and on this ground we think the demurrer was properly sustained, and find no error in the judgment of the trial judge in dismissing the petition.

*Judgment affirmed. All the Justices concurring.*