## MILLER *v.* MERCHANTS AND MINERS TRANSPORTATION COMPANY.

A petition to recover damages for personal injuries, against a transportation company, which in general terms alleged negligence in that the cargo of a ship was improperly distributed and the ship itself defectively constructed, was properly dismissed upon special demurrer calling for particulars as to the alleged negligence, when the petition was not amended to meet the objections raised by such demurrer.

Submitted May 1, — Decided July 22, 1902.

Action for damages. Before Judge Norwood. City court of Savannah. November 6, 1901.

*Twiggs & Oliver*, for plaintiff.
*O'Connor, O'Byrne & Hartridge*, for defendant.

FISH, J. Miller sued the Merchants and Miners Transportation Company to recover damages for personal injuries alleged to have been sustained by him on account of the defendant's negligence. The petition alleged that the plaintiff was an employee of the de-

fendant; that one of its vessels, while lying at or near her wharves in the city of Savannah, had two piles of lumber loaded on her deck, one on the port and the other on the starboard side; that on these piles of lumber were loaded a number of cross-ties; that as plaintiff was going along between the two piles of lumber, engaged in loading the vessel, it suddenly listed to the starboard, causing one of the cross-ties which had been loaded on the port side to fall upon him, striking his head and face and severely injuring him; " that at the time of said injuries [plaintiff] was in his proper place and in the discharge of his usual and accustomed duty, and in no wise contributed to the occurrence which caused the same; that [he] did not know of the condition of the ship which caused it to list, and was then unaware of any improper distribution of the cargo, which brought about his aforesaid injuries; that [he] had the right to assume that the position that he occupied was safe, and that the ship was in proper condition to be loaded, without subjecting himself to risk or hazard." The petition further alleged, that the plaintiff's injuries were due to the fault and negligence of said company in not properly loading and distributing the cargo of said ship, the latter being defective in construction, and therefore liable to list unless care was observed in loading the same; all of which was unknown to [plaintiff] before and at the time he was engaged in loading said ship, as aforesaid; that the said loading and distribution of said cargo was not done by [plaintiff] or any fellow-servant of his; that [plaintiff] is a common laborer, uneducated, and did not know and had no means of knowing in what manner said ship was defective in construction; that it was the duty of the company to have provided him a safe place to work, and safe ingress and egress to and from his work; that said improper loading and defective construction of said ship was known to said defendant, or should have been known by the exercise of ordinary care and diligence. There were allegations as to the extent of plaintiff's injuries. The defendant demurred specially to the petition, upon several grounds. Two of the grounds were: " 1. It is not shown in said declaration in what manner the cargo of said ship was improperly distributed. 2. Because it is not shown in said declaration in what manner said ship was defective in construction." The demurrer was sustained upon these two grounds, and the plaintiff failing to amend, the petition was dismissed. The defendant excepted to the judgment sustaining the demurrer.

It will be observed that the negligence of the defendant, which the plaintiff alleged caused his injuries, was the improper loading and distribution of the ship's cargo, and the defective construction of the ship.   The defendant, in order to prepare its defense, was entitled to be put on notice of the particular manner in which the plaintiff expected to show that the cargo was improperly distributed, and also the particular defects which plaintiff expected to prove existed in the construction of the ship.   The defendant, by an appropriate special demurrer, called for the information to which it was entitled.   The plaintiff declined to amend the petition in the respects indicated, and we are of opinion that the court did not err in sustaining the demurrer and dismissing the petition.   In *Blackstone* v. *Railway Co.*, 105 *Ga.* 381, it was held: "Where . . the cause of the injury was alleged to be a pole concerning which the petition in general terms only alleged that it was 'too near the track,' and the defendant by special demurrer made the point that the petition did not allege 'how near said pole was to the track,' the petition ought to have been amended so as to set forth the facts as to this matter more fully and explicitly; and in the absence of such an amendment, this court will not reverse a judgment sustaining the demurrer and dismissing the action."   Counsel for plaintiff in error cite in their brief only one Georgia case, *Western Union Telegraph Co.* v. *Jenkins*, 92 *Ga.* 398.   In that case the petition alleged that the plaintiff's husband, an employee of the company, was killed without fault or negligence on his part and wholly by the fault and negligence of the defendant company, the homicide being caused by the falling of a rotten pole which he had climbed in the performance of the duties of his employment, its defective condition being unknown to him.   It was held that the petition was good as against a general demurrer.   It was said, however: "If the declaration was defective in matter of form, in failing to allege that the company's negligence consisted in keeping the pole in use, either with knowledge of its condition or negligently without knowledge, this was matter for special demurrer." It appears, therefore, that the case cited is authority in support of the position that the special demurrer in the case in hand should have been sustained.   There are cases from other courts, cited in the brief of counsel for plaintiff in error, which seem to sustain their contention that the petition in the present case was sufficient,

even as against the special demurrer made thereto ; but under our understanding of the law in respect to the question, and in view of the former rulings of this court, we deem it unnecessary to attempt to analyze, or to distinguish, if possible, those decisions from our own.    Counsel for plaintiff in error contend that the allegations of the petition, to the effect that the plaintiff was ignorant of the improper distribution of the cargo and of the defective construction of the ship, were sufficient to excuse him from going into the particulars in relation to these matters, called for by the special demurrer ; but even if the plaintiff, on account of his ignorance, could in any event be excused from specifying the particulars of the improper distribution of the cargo and the defective construction of the ship, it will be noted that the petition only alleges that the plaintiff was ignorant of these matters at the time he was injured, and that there is no allegation that he did not have knowledge of the negligence of the defendant which he alleged caused his injuries at the time of bringing his suit.    From what we have said, it follows that there was no error in sustaining the demurrer to the petition.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*