### 7606. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* STACER.

WADE, C. J. 1. The petition alleged that the defendant railway company maintained a "sharp and dangerous curve" in its track, and that while the plaintiff's husband, a passenger on a certain train of the defendant, was on the platform of the ladies' coach of the train and in the act of entering the coach, on his return from the smoking-car, where he had gone to obtain information from the conductor touching a mileage-book issued to him by an agent of that company, "the said coach struck the sharp and dangerous curve above mentioned, violently and at a reckless and dangerous rate of speed, with the result that said coach was given a sudden and violent jerk and lurch," and he was thrown from the train and was instantly killed. The description of the curve in the track as "sharp and dangerous" was objected to by special demurrer insisting that these words were too indefinite, either to support an inference of negligence in maintaining a curve of that character, or to put the defendant on notice. The court erred in

overruling this demurrer, calling for the particulars constituting the alleged negligence, though properly overruling the general demurrer. See *Blackstone* v. *Central Ry. Co.*, 105 *Ga.* 380 (31 S. E. 90); *Miller* v. *Merchants & Miners Transportation Co.*, 115 *Ga.* 1009 (42 S. E. 385); *Louisville & Nashville Railroad Co.* v. *Barnwell*, 131 *Ga.* 791 (63 S. E. 501). The remaining special grounds of the demurrer are without substantial merit.

2. In the absence of more precise allegations as to the curve in the track maintained by the railroad company, and the existing facts connected therewith which made said curve "dangerous" as alleged, the petition should have been dismissed. The error of the court in overruling the special demurrer as to this act of negligence made all that followed nugatory, and it is unnecessary to discuss any other question presented by the assignments of error.

> *Judgment reversed. George and Luke, JJ., concur.*
> DECIDED JUNE 14, 1917.

Action for damages; from city court of Millen—Judge Proctor presiding. May 20, 1916.

*Saffold & Jordan,* for plaintiff in error.

*Oliver & Oliver,* contra.