ELLISTON, trustee, *v.* ATLANTIC STATES WAREHOUSE COMPANY.

1. The rulings in *Elliston* v. *Atlantic States Warehouse Co.,* 160 *Ga.* 237 (127 S. E. 744), fix the law of this case; and under the evidence submitted by consent to the judge of the superior court, without the intervention of a jury, the verdict-judgment rendered was authorized, and the court did not err in overruling the motion for a new trial.

2. Even though the court made no reference to a plea of res adjudicata, and though the circumstances in proof may not have legally authorized the application of the doctrine of subrogation, under the rulings of this court upon a prior adjudication of the same issuable questions between the same parties, and involving the same subject-matter, the judgment

Appeal and Error, 4 C. J. p. 663, n. 92; p. 664, n. 94; p. 1213, n. 83; p. 1214, n. 84.

New Trial, 29 Cyc. p. 824, n. 41.

Trial, 38 Cyc. p. 1967, n. 92.

Warehousemen, 40 Cyc. p. 404, n. 53; p. 414, n. 30; p. 416, n. 45; p. 478, n. 32.

of this court in the prior review became the law of the case and was controlling upon the judgment of the trial court.

No. 5251.  JANUARY 11, 1927.

Equitable petition.  Before Judge Franklin.  Richmond superior court.  January 11, 1926.

*William H. Fleming,* for plaintiff in error.

*Hamilton Phinizy* and *Callaway & Howard,* contra.

RUSSELL, C. J.  As appears from the statement of facts when this case was before us in *Elliston* v. *Atlantic States Warehouse Co.,* 160 *Ga.* 237 (supra), the Atlantic States Warehouse Company filed an equitable petition against Phinizy & Company et al., for receiver and interpleader.  In the interpleader various parties intervened, among them Elliston as trustee in bankruptcy of the Georgia Products Company, as well as trustee in bankruptcy of Barrett & Company Inc.  The warehouse company filed answers. Elliston, trustee, demurred on stated grounds which appear on pages 240 and 241 of the statement of facts in 160 *Ga.,* supra. The two cases by consent were tried together, with the agreement that the trial judge pass upon all issues of law and fact without the intervention of a jury.  The court overruled the demurrers of the trustee in bankruptcy for the Georgia Products Company as well as those of Barrett & Company, and denied the relief prayed by Elliston in his capacity as trustee in bankruptcy for each of these companies, to wit, the recovery of the 240 bales of cotton in question, and decreed on the contrary that the 240 bales of cotton described in the interventions should be held by the warehouse company for the purpose of using the proceeds in indemnifying that company for the amounts which it had already paid in satisfying outstanding receipts.  This court affirmed the judgment of the lower court in its rulings upon demurrer and in the judgment overruling the motion for a new trial, holding:  (1) That the general rule whereby the relation of bailor and bailee is created between the owner of cotton and a warehouseman where cotton is stored in a warehouse was not altered under the facts of this case, so as to create the relation of landlord and tenant by reason of the fact that the cotton was placed in a separate compartment under certain stated conditions.  (2) That the warehouseman became the bailee of the persons receiving a warehouse receipt for cotton to whom it had been transferred by delivery, although he might have no notice of such transfer.  (3) That the trial judge was authorized to find

that the cotton in controversy was in fact and in law bought and stored with the Atlantic States Warehouse Company by Barrett & Company Inc., although it was bought in the name of the Georgia Products Company, there being much evidence which indicated that the Georgia Products Company had no real or substantial existence other than as a convenience for Barrett & Company Inc. (4) And finally, that "the judge was authorized to find that the warehouse company had settled in full with the holders of the warehouse receipt, and that whatever cotton was left on hand in the warehouse was the property of the warehouse company as between the warehouse company and the claimants of the cotton in the present case." In concluding the opinion of the court Mr. Justice Hill, after citing certain authorities, said: "From the foregoing we reach the conclusion that whether this cotton in controversy was deposited in the name of Barrett & Co. Inc. or in the name of the Georgia Products Co. by the same controlling head of both corporations, the relation between the parties was such that the warehouse company and Barrett & Co. Inc. understood that the warehouse company was liable to Barrett & Co. Inc. for the value of the cotton; and when the warehouse company paid either Barrett & Co., or the holders of the receipts issued to Barrett & Co. Inc. by the warehouse company, no one then had any claim against the warehouse company on account of any cotton stored there by either Barrett & Co. Inc. or by the Georgia Products Co.; and therefore the trustee in bankruptcy can not recover such cotton, or the value thereof, for either of them."

Upon the transmission of the remittitur in *Elliston* v. *Atlantic States Warehouse Co.,* supra, and there being in the hands of L. C. Gercke, receiver, certain funds collected by him under various orders of the court, amounting in all to $26,677.49, the trial judge awarded to Elliston, trustee, $204.06 for freight, storage, and insurance, against 49 bales of cotton delivered to the holders of receipts calling for said 49 bales of cotton, and the remainder of the fund, to wit, $15,632.08 for freight, storage, insurance, and advance on 296 bales of cotton, as to which the court found that the warehouse company had discharged the full liability of Barrett & Co. Inc. to the holders and transferees of receipts issued against the same, as well as $10,841.38 for freight, storage, and insurance collected from holders of warehouse receipts for 1,374 bales of cot-

ton, was awarded to the Atlantic States Warehouse Co. Elliston, trustee, made a motion for a new trial, which was overruled, and exception is taken to that judgment.

We are of the opinion that the judgment of the court overruling the motion for a new trial was correct. In view of the evidence adduced before the trial judge, the result reached was controlled by the prior decision of this court in the same case. It is strenuously urged by learned counsel for plaintiff in error that the lower court did not place his judgment upon res adjudicata, "but based his judgment solely on the 'course of dealing,' and the right of subrogation." However this may be as matter of fact it is unnecessary as matter of law to decide, for as matter of history it has not infrequently happened that unsatisfactory or insufficient reasons were assigned for the rendition of correct judgments, and the latter were not reversed or altered merely because the wrong reason was stated. Under the evidence before the judge the rulings which were made in the prior adjudication in this case, to which reference has already been made, became the law of this case. The trial judge seems to have clearly understood and very properly have followed the law; and therefore what was said by him as to the "course of dealing" in rendering his judgment can well be treated as mere obiter. The ruling of the court as to the liability of the warehouse company to the holders of the receipts for the 296 bales of cotton, either as holders or transferees of Barrett & Co. Inc., whether properly based upon subrogation or not, was controlled by the rulings of this court in the fourth headnote when this case was previously before us, that "Where in a case as just stated a warehouse receipt given to one for certain cotton stored with a warehouse company is assigned to another person, upon the delivery of such receipt the warehouseman, though he has no notice of the transfer, becomes the bailee of the person receiving such receipt." As to the $10,841.38, we held in the sixth headnote that under the evidence "whatever cotton was left on hand in the warehouse was the property of the warehouse company as between the warehouse company and the claimants of the cotton in the present case," if a complete settlement were made between the holders of the warehouse receipts, whether they were the original holders of such receipts or assignees. In the case now before us it is not contended that the two funds, one of $10,841.38, and the other of

$15,632.08, were created or collected otherwise than under the circumstances with which this court dealt when the case was here before. So we are of the opinion that the questions relating to the course of dealing or the right of subrogation are not here involved. Whatever may be the true law on the various subjects directly or collaterally involved originally in this litigation, the previous decision of this court precludes any discussion, however illuminating, of abstract principles or the solution of any legal problem however novel or profound; for the law was written as to the only issues involved in this litigation by the judgment rendered in the former adjudication.

*Judgment affirmed. All the Justices concur.*