25347. STORCK *v.* PAYNE.

STEPHENS, J. 1. Upon the trial of a suit to recover damages alleged to have been sustained by the plaintiff from having been bitten by a dog belonging to the defendant, where there was evidence that prior to the time of the infliction of the alleged injuries the dog had attacked and bitten several people, and was a vicious and dangerous dog, that several months prior to the time of the injuries to the plaintiff by the dog it had been reported to the defendant that the dog had bitten a child, but that in fact the dog had not bitten the child but had only scratched the child, the evidence was sufficient to authorize the jury to find that the defendant, prior to the time when the plaintiff was injured by the dog, had knowledge of the fact that the dog was dangerous and vicious and likely to attack people.

2. The evidence being sufficient to authorize the inference that the defendant had knowledge of the dangerous and vicious character of the dog prior to the time of the receipt of the injuries by the plaintiff, and the only ground of error insisted upon by the defendant being an exception to the overruling of a motion for a nonsuit upon the sole ground that the evidence was insufficient to establish such knowledge by the defendant, the court did not err in overruling the motion.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JUNE 9, 1936.

*Julian F. Corish,* for plaintiff in error.   *Edwin J. Feiler,* contra.