RIVERS *v.* BROWN, commissioner.

No. 15308. NOVEMBER 16, 1945.

50

*William G. McRae,* for plaintiff. *Harold Sheats* and *W. S. Northcutt,* for defendants.

HEAD, Justice. (After stating the foregoing facts.) This court having held in *Rivers* v. *Hailey,* 199 *Ga.* 38 (supra) that the plaintiff was entitled to recover a part of the salary claimed, the legal effect of the former opinion was to reverse the judgment of the lower court in part only, since the lower court had sustained the demurrer generally. A general demurrer attacks every item of substance in the pleadings of the opposite party, while a special demurrer goes to the structure only. This rule was stated by this court in *Martin* v. *Bartow Iron Works,* 35 *Ga.* 323.

as follows: "A general demurrer enables the party to assail every substantial imperfection in the pleadings of the opposite side without particularizing any of them in this demurrer; but if he thinks proper to point out the faults, this does not vitiate it. A special demurrer goes to the structure merely, and not to the substance, and it must distinctly and particularly specify wherein the defect lies." Every allegation in the petition for salary alleged to be due the plaintiff was a matter of substance. The lower court having sustained the demurrer to every item of substance, it was proper for this court to indicate which, if any, of the several claims were valid obligations of the county, and which were not.

Able counsel for the plaintiff in error appears to be confused as to what the judgment of this court should be in reviewing the lower court's judgment on a general demurrer. Where a judgment of the lower court is one overruling a general demurrer, this judgment must be affirmed if the petition sets forth a cause of action for any of the relief prayed. *McLaren* v. *Steapp,* 1 *Ga.* 376; *Hazlehurst* v. *Savannah, Griffin & North Alabama Railroad Co.,* 43 *Ga.* 13; *Lowe* v. *Burke,* 79 *Ga.* 164 (3 S. E. 449); *Tietjen* v. *Meldrim,* 169 *Ga.* 678 (1) (151 S. E. 349); *Calbeck* v. *Herrington,* 169 *Ga.* 869 (152 S. E. 53); *Pullen* v. *General American Credits,* 186 *Ga.* 642 (198 S. E. 747). Where the judgment of the lower court is one sustaining a general demurrer, this court on review may, and we think should, follow the practice as stated in the decision of this court in *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 537 (34 S. E. 2d, 811), where Justice Duckworth for the court stated: "Where a general demurrer is sustained by the trial court, the effect of such ruling is to adjudge that the petition is not good in any of its parts. . . If it be found by this court on review of such judgment that in some part of the petition a cause of action is set forth, the proper judgment should be one of affirmance in part and reversal in part, leaving the plaintiff at liberty to pursue his action for such relief as the allegations of the petition show him entitled to." In this connection, see also *Herring* v. *Smith,* 141 *Ga.* 825 (82 S. E. 132), *Merchants & Mechanics Bank* v. *Boyd Co.,* 143 *Ga.* 755 (85 S. E. 914), *Blaylock* v. *Hackel,* 164 *Ga.* 258 (4) (138 S. E. 333), *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (151 S. E. 5), *Terry* v. *Chandler,* 172 *Ga.* 715 (158 S. E. 572), *Thrasher* v. *Atlanta,* 178 *Ga.* 521 (173 S. E. 817),

*O'Neal* v. *O'Neal*, 176 *Ga.* 418 (168 S. E. 262), and *Sutton* v. *Adams*, 180 *Ga.* 48 (178 S. E. 315), where this court distinctly pointed out why it was error to sustain a general demurrer.

In *Rivers* v. *Hailey,* supra, it was held that the plaintiff might recover in part the salary alleged to be due him by the defendant. Otherwise, the judgment of the lower court in sustaining the demurrer was in effect affirmed. This court was not required by any rule of law to indicate what part of the plaintiff's petition alleged a cause of action, but in doing so an established practice of the court was properly followed. It is stated in 21 C. J. S., page 314, § 190-b: "An adjudication on any point within the issues presented by the case cannot be considered a dictum, and this rule applies as to all pertinent questions, although only incidentally involved, which are presented and decided in the regular course of the consideration of the case, and lead up to the final conclusion, and to any statement in the opinion as to a matter on which the decision is predicated." The opinion in *Rivers* v. *Hailey,* supra, was not obiter (as contended by counsel), but was a valid and binding judgment of this court, which was properly followed by the trial court.

Many decisions of this court to the effect that its judgments become the law of the case would preclude the plaintiff from any recovery in this case. "When a case is brought up to this court a second time, with no new facts to change substantially the view of it taken before, it only remains for this court to reaffirm its first judgment, by affirming generally the judgment of the court in attempting to enforce it." *Sanderlin* v. *Sanderlin*, 27 *Ga.* 334. See also *Thornton* v. *Lane,* 11 *Ga.* 459; *Norton* v. *Paragon Oil Can Co.,* 105 *Ga.* 466 (30 S. E. 437); *Allen* v. *Schweigert,* 113 *Ga.* 69 (38 S. E. 397); *Burke* v. *Ledsinger,* 115 *Ga.* 195 (41 S. E. 682); *Lindsey* v. *Allen,* 116 *Ga.* 810 (43 S. E. 49); *Southern Railway Co.* v. *Phillips,* 119 *Ga.* 146 (45 S. E. 967); *Western & Atlantic Railroad Co.* v. *Third National Bank of Atlanta,* 125 *Ga.* 489 (54 S. E. 621); *Southern Bell Tel. & Tel. Co.* v. *Glawson,* 140 *Ga.* 507 (79 S. E. 136); *Ga. Ry. & Power Co.* v. *Decatur,* 153 *Ga.* 329 (111 S. E. 911); *Elliston* v. *Atlantic States Warehouse Co.,* 163 *Ga.* 440 (136 S. E. 436); *City of Atlanta* v. *Smith,* 165 *Ga.* 146 (140 S. E. 369); *McEntire* v. *John Hancock Mutual Life Ins. Co.,* 174 *Ga.* 158 (162 S. E. 134).

*Judgment affirmed. All the Justices concur.*