TAYLOR *v.* COOK *et al.*

DUCKWORTH, Chief Justice. 1. The judgment rendered June 13, 1949, sustaining special demurrers but with leave to amend, rendered the entire portion of the petition relating to the sale, retention of title contract—which the petition sought to have cancelled—and usury thereon subject to dismissal, there being no attempt to amend within the 20 days allowed by that judgment, and the abortive attempt to amend on January 16, 1950, was wholly ineffectual and void. Therefore, it was not error for the court to strike these portions of the petition, as the previous ruling had become the law of the case. *Blackstone* v. *Central of Ga. Ry. Co.,* 105 *Ga.* 380 (31 S. E. 90); *Miller* v. *Merchants' & Miners' Trans. Co.,* 115 *Ga.* 1009 (42 S. E. 385); *Hudgins* v. *Coca Cola Bottling Co.,* 122 *Ga.* 695 (50 S. E. 974); *Driskal* v. *Mutual Benefit Life Ins. Co.,* 144 *Ga.* 534 (87 S. E. 668); *McEachin* v. *South Georgia Trust Co.,* 168 *Ga.* 320 (147 S. E. 390).

2. But the judgment of January 16, 1950, sustaining the general demurrer and motion to dismiss the petition, was erroneous. Although poorly pleaded, the following allegations were good as against the demurrer and motion: Paragraph eleven alleges an account stated against the defendant of $1500 with a credit of $300 paid, which leaves a balance of $1200. Paragraph fourteen alleges a claim of $100, representing money paid to the defendant for property belonging to the plaintiff, which was to be remitted to the plaintiff. These claims alone remain in the petition, but they are sufficient to prevent its dismissal. See *Herring* v. *Smith,* 141 *Ga.* 825 (82 S. E. 132); *Fields* v. *Arnall,* 199 *Ga.* 491 (34 S. E. 2d, 692); *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 537 (34 S. E. 2d, 811); *Rivers* v. *Brown,* 200 *Ga.* 49 (36 S. E. 2d, 429).

3. Since the foregoing reversal is in favor of the plaintiff Taylor and against the defendant Cook only, it does not affect the judgment in favor of Obie L. Cook Printing Equipment Company. There being no evidence in this record to show that the judgment on the cross-action is unsupported, it must be affirmed.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*

No. 17355. MARCH 13, 1951.

*Augustus M. Roan,* for plaintiff.
*Noah J. Stone,* for defendants.