34860. FUTCH *v.* AUTOMOBILE FINANCING, INC.

DECIDED FEBRUARY 11, 1954.

*Dewey Smith, James C. Holcombe,* for plaintiff in error.

*Tindall & Tindall, L. C. Hames, Jr.,* contra.

QUILLIAN, J. The plaintiff in error (defendant in the trial court) predicated his right to maintain the petition filed by him

under provisions of Code § 107-209, reading as follows: "When the plaintiff in a trover suit has replevied the property and, on the trial of the case, fails to recover or dismisses his petition, the defendant, instead of suing on the replevy bond, may recover the property and its hire, or the sworn value placed upon the property in the petition." The petition was fatally defective, in that it failed to allege that the plaintiff in the trover suit had replevied the property, or that the plaintiff had dismissed his suit or failed to recover in the sense contemplated by the quoted Code section.

It is true that the petition shows that the defendant filed a plea to the jurisdiction of the court on the ground that he was not a resident of the county in which the suit was brought but resided in another Georgia county, and that he proved this plea, and a verdict and judgment was entered sustaining it. This judgment did not preclude the plaintiff from bringing his action over in a court having jurisdiction.

The failure of the plaintiff to recover as contemplated by the law embodied in the Code section means the failure of the plaintiff to recover on the merits of his cause, as is the case when a general demurrer to the petition is sustained, or such a verdict is found against his contentions as would preclude him from renewing the action. The sustaining of the defendant's plea to the jurisdiction did no more than adjudicate that he could not maintain the suit in the court where it was filed, and leaves him with the right to file the suit in a court having jurisdiction to entertain it. For the reason assigned the court did not err in sustaining ground 5 of the plaintiff's general demurrer to the motion filed by the defendant.

Had the defendant prevailed upon the merits of the case, he would have been entitled—since the plaintiff failed to replevy the property—to have the judgment entered in his favor include a writ of possession to the property, thereby adjudicating his right of possession to the property in controversy.

In the instant case, the defendant, by invoking a judgment that deprived the court of jurisdiction to entertain the action, secured to himself no right except to have a judgment entered which in effect dismissed the action and dissolved the writ under which the property involved was seized, so as to place upon the

officers who seized the property under such a writ the obligation to restore it to him. This, of course, does not have the effect of adjudicating his right to hold the property against the plaintiff, in another trover suit. The verdict and judgment sustaining the defendant's plea to the jurisdiction left the parties, plaintiff and defendant, where it found them, with their respective legal rights unchanged.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*