40927. COLEVINS et al. v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

DECIDED OCTOBER 23, 1964.

*George Carroll*, for plaintiffs in error.

*Smith, Ringel, Martin, Ansley & Carr, Hoke Smith*, contra.

FELTON, Chief Judge. ■ The court did not err in overruling the plaintiffs' motion for a judgment n.o.v. on the question whether the insurance company owed interest on the amount of $5,500, the amount of loss ascertained by the appraisers, which was tendered into the registry of the court as its ultimate liability, and not as an amount to be credited on the amount of loss found by the jury. The plaintiffs sought to avoid the appraisal and succeeded in doing so. For this reason they cannot now contend that the amount of the appraisal represented any amount owed by the insurance company. Furthermore, the tender of the $5,500 was made on the condition that it be accepted as full and complete settlement of all sums due by it under the policy. The tender was not accepted and the amount fixed by the jury was the liquidated sum found to be due and it does not bear interest until after the jury verdict liquidating the amount recoverable. *Fireman's Ins. Co. v. Oliver*, 182 Ga. 212 (184 SE 858).

■ The court overruled the plaintiffs' motion for a new trial because his charge to the jury to the effect that the court fixed the amount of damages and attorney's fees was harmless. Under the facts of this case it was erroneous. But, it was also harmless because the evidence authorized the jury to find the loss to be substantially less than the $9,500 demanded by the plaintiffs. The plaintiffs do not dispute that in such a case no bad faith can be found in refusal to pay a demand substantially higher than a jury was authorized to find the loss to be but they contend that it is the law of this case, by which all parties should be bound, that there was a question of bad faith in refusal to pay because the court overruled the insurance company's motion for a directed verdict on the question of damages and attorney's fees. We cannot agree with this contention for the reason that

the jury verdict was in favor of the insurance company on the question of damages and attorney's fees and it was precluded from testing the correctness of the judge's refusal to direct a verdict for it on the question of damages and attorney's fees and we have not been cited to any authority holding that a· party can except to a finding in his favor in order to prevent a ruling against him from becoming the law of the case where the finding in his favor is due to an error of the trial court made against the opposite party. Until we find authority to the contrary we hold that a judgment which cannot be reviewed cannot become the law of the case.

The court did not err in overruling the plaintiff's motions for a judgment n.o.v. and for a new trial.

*Judgments affirmed. Frankum and Pannell, JJ., concur.*