42653. VANN v. AMERICAN CREDIT COMPANY.

SUBMITTED MARCH 8, 1967—DECIDED APRIL 7, 1967— REHEARING DENIED APRIL 18, 1967—

*Robert Carpenter, A. Tate Conyers,* for appellant.

*Miles B. Sams,* for appellee.

QUILLIAN, Judge. ■ We must determine whether the trial court erred in refusing to enter judgment for the defendant on the plaintiff's replevy bond.

*Code* § 107-209 provides: "When the plaintiff in a trover suit has replevied the property and, on the trial of the case, fails to recover or dismisses his petition, the defendant, instead of suing on the replevy bond, may recover the property and its hire, or the sworn value placed upon the property in the petition." The defendant argues that where the plaintiff fails to recover after having replevied the property, in the absence of fraud or mutual mistake of law, "the court . . . has no alternative than to enter up restitution judgment on motion by the defendant." *Stewart v. Hasty,* 77 Ga. App. 524 (2) (48 SE2d 757). He points out that, where the plaintiff is non-suited or voluntarily dismisses his case, the law (in entertaining an impartial reciprocity of protection as to the parties' rights, *McLaurin v. Henry,* 90 Ga. App. 864 (1) (84 SE2d 713)) puts the property back in the hands of the defendant or requires the plaintiff to pay over its value. *Posey v. Frost Motor Co.,* 84 Ga. App. 30 (65 SE2d 427); *Marshall v. Livingston,* 77 Ga. 21; *Thomas v. Price,* 88 Ga. 533 (15 SE 11).

We recognize the principles established in the above cited decisions. However, in our view *Futch v. Automobile Financing,* 89 Ga. App. 634 (80 SE2d 697) is controlling here. In the *Futch* case after the plaintiff had filed a bail-trover action

but had not replevied the property, the defendant's plea to the jurisdiction was sustained. The defendant then filed a motion seeking money judgment for the sworn value of the property, to which motion a general demurrer was sustained. This court found the defendant did not allege that the plaintiff failed to recover within the contemplation of *Code* § 107-209 and held: "The defendant, by invoking a judgment that deprived the court of jurisdiction to entertain the action, secured to himself no right except to have a judgment entered which in effect dismissed the action and dissolved the writ under which the property involved was seized, so as to place upon the officers who seized the property under such a writ the obligation to restore it to him." *Futch v. Automobile Financing,* 89 Ga. App. 634, 635, supra.

■ The defendant contends the ruling in the *Futch* case, supra, is obiter dictum because there the property had not been replevied; hence, *Code* § 107-209 was not applicable solely for that reason.

We find no merit in that contention. For, although in the *Futch* case the court held the petition was fatally defective because of the failure to allege the plaintiff had replevied the property, the concurrent and primary basis of the opinion was predicated on the failure to allege the plaintiff had dismissed his suit or failed to recover in the sense contemplated by *Code* § 107-209. A ruling is not dictum merely because the disposition of the case is or might have been made on some other ground. "Where a case presents two or more points, any one of which is sufficient to determine the ultimate issue, but the court actually decides all such points, the case is an authoritative precedent as to every point decided, and none of such points can be regarded as having merely the status of a dictum." 21 CJS 315, Courts, § 190 (b); *Dooly v. Gates,* 194 Ga. 787, 793 (22 SE2d 730); *Rivers v. Brown,* 200 Ga. 49, 52 (36 SE2d 429).

The defendant also contends the ruling in the *Futch* case that "the failure of the plaintiff to recover as contemplated by the law embodied in the Code section means the failure of the plaintiff to recover on the merits of his cause, as is the case when a general demurrer to the petition is sustained, or such a verdict

562

is found against his contentions as would preclude him from renewing the action," is contrary to the Supreme Court decisions cited in the first division. While the quoted rationale of *Futch* is perhaps too broad as applied to a nonsuit, or similar dismissal, the result there reached, on the sustaining of a plea to the jurisdiction, is sound.

The ruling in *Futch v. Automobile Financing*, supra, was not obiter dictum and will be adhered to here.

*Judgment affirmed.  Frankum, P. J., and Deen, J., concur.*