## 49661. SULLIVAN v. GOSS.

PANNELL, Presiding Judge.

This case is an action by plaintiff seeking to recover damages against the defendant because the defendant's dog came upon plaintiff's property and killed plaintiff's game chickens, or "Slasher" birds. There were two alleged occasions. The trial judge directed a verdict for the defendant as to the first occasion, but denied such a motion as to the subsequent occasion. The jury being unable to reach a verdict, a mistrial was declared. Defendant appealed from the denial of his motion for judgment notwithstanding the mistrial as to the last occasion. *Held:*

The rule as to scienter, or knowledge on the part of the owner of a vicious or dangerous propensity of the dog, if one exists (see *Connell v. Bland,* 122 Ga. App. 507 (177 SE2d 833)), has no application here in view of the provisions of Section 4 of the Act of 1969 (Ga. L. 1969, pp.

831, 832; Code Ann. § 62-2004) to wit: "The owner, or if no owner can be found, the custodian exercising care and control over any dog which goes upon the land of another and causes injury, death or damage directly or indirectly to any domestic animal which is normally and usually described as livestock or fowl, shall be civilly liable to the owner of the domestic animal or fowl, for damages, death or injury caused by the dog. The liability of the owner or custodian of the dog shall include consequential damages. The provisions in this section are to be considered cumulative of other remedies provided by law. There is no intent to do away with or limit other causes of action which might inure to the owner of any domestic animal or fowl."

The evidence adduced being such as to authorize a finding that the defendant's dog came upon the plaintiff's property and killed some of his chickens, the denial of the motion for judgment notwithstanding the mistrial is affirmed.

*Judgment affirmed. Webb, J., concurs. Evans, J., concurs specially.*

ARGUED SEPTEMBER 4, 1974 — DECIDED OCTOBER 22, 1974 — REHEARING DENIED NOVEMBER 6, 1974.

*Bouhan, Williams & Levy, Edwin D. Robb, Jr.,* for appellant.

*Lee & Clark, Fred S. Clark,* for appellee.

EVANS, Judge, concurring specially.

Donald Goss as plaintiff, sued Bill Sullivan as defendant, because Sullivan negligently allowed his dog to leave his yard and to go upon Goss' premises, where he killed thirty valuable game birds known as "Slasher" birds. The jury could not reach a verdict and a mistrial was declared. Defendant made a motion for judgment notwithstanding the mistrial, which motion was overruled, and he appeals to this court.

The majority affirms and places its decision solely on a comparatively new statute (Ga. L. 1969, pp. 831, 832; Code Ann. § 62-2004).

1. I contend the decison of this court, in affirming the trial court, could and should also be placed on another theory, to wit, the fact that the dog in question was wrongfully in the place where the mischief was done. In such case the owner is liable, irrespective of scienter or prior knowledge by him of the dangerous propensities of the dog. This court so held in *Caldwell v. Gregory,* 120 Ga. App. 536, 541 (171 SE2d 571).

If a dog is wrongfully in the place where he does the mischief, the owner is liable, irrespective of prior knowledge by the owner of the dog's dangerous proclivities. This was a clear and precise pronouncement of the law of this state, and can not be shunted aside or disregarded as being obiter. See *Chandler v. Gately,* 119 Ga. App. 513, 519(3) (167 SE2d 697); *Dooly v. Gates,* 194 Ga. 787, 793 (22 SE2d 730); *Rivers v. Brown,* 200 Ga. 49, 52 (36 SE2d 429); *Vann v. American Credit Co.,* 115 Ga. App. 559 (2) (155 SE2d 459).

2. Next, this case, being older than *Connell* and *Carter,* supra, must be followed rather than any later case in conflict therewith. This is on the principle of stare decisis. See *Frazier v. Southern R. Co.,* 200 Ga. 590, 596 (37 SE2d 774); *Boston Ins. Co. v. Barnes,* 120 Ga. App. 585, 590 (171 SE2d 626); *Gray v. Gray,* 34 Ga. 499, 501; *Peppers v. Travelers Ins. Co.,* 48 Ga. 595 (173 SE 177); *McKibben v. State,* 88 Ga. App. 466, 474 (77 SE2d 86).

3. As the case resulted in a mistrial, none of the rulings made by the trial judge in the first trial have become the "law of this case" or res judicata. See *Colevins v. Nat. Union Fire Ins. Co.,* 110 Ga. App. 533, 536 (139 SE2d 145).

4. The trial judge correctly overruled defendant's motion for judgment notwithstanding the mistrial, and I would affirm that judgment.