## 60681. KISER v. MORRIS.

DEEN, Chief Judge.

Kiser and Morris are next-door neighbors. Morris owns a German shepherd dog which trespasses on Kiser's property. Prior to the filing of this lawsuit, the dog had destroyed two pair of Kiser's shoes, five outside doormats, and repeatedly overturned garbage cans and strewed garbage all over Kiser's lawn. Each of these incidents was brought to the attention of Morris who did nothing to prevent his dog from going into Kiser's yard. On August 26, 1979, Kiser tied his dog, a chihuahua, out in his yard with a bone for him to eat. The shepherd entered the yard, bit and killed the chihuahua, and stole the bone. Kiser brought suit against Morris to recover the value of his dog ($200), for mental and emotional suffering as a result of witnessing the killing of his pet, for the failure of the defendant to prevent his dog from coming on his property, and for nuisance. Kiser brings this appeal following the grant of summary judgment in favor of Morris. *Held:*

"The rule as to scienter, or knowledge on the part of the owner of a vicious or dangerous propensity of the dog, if one exists (see *Connell v. Bland,* 122 Ga. App. 507 (177 SE2d 833)), has no application here in view of the provisions of Section 4 of the Act of 1969 (Ga. L. 1969, pp. 831, 832; Code Ann. § 62-2004)..." *Sullivan v. Goss,* 133 Ga. App. 217 (210 SE2d 366) (1974). That code section provides: "The owner, or, if no owner can be found, the custodian exercising care and control over any dog which goes upon the land of another and causes injury, death or damage directly or indirectly to any domestic animal which is normally and usually described as livestock or fowl, shall be civilly liable to the owner of the domestic animal or fowl, for damages, death or injury caused by the dog. The liability of the owner or custodian of the dog shall include consequential damages. The provisions in this section are to be considered cumulative of other remedies provided by law. There is no intent to do away with or limit other causes of action which might inure to the owner of any domestic animal or fowl." As stated in Judge Evans' special concurrence in *Sullivan v. Goss,* supra, at 219: "If a dog is wrongfully in the place where he does the mischief, the owner is liable, irrespective of prior knowledge by the owner of the dog's dangerous proclivities. This was a clear and precise pronouncement of the law of this state, and can not be shunted aside or disregarded as being obiter. See *Chandler v. Gately,* 119 Ga. App. 513, 519 (3) (167 SE2d 697); *Dooly v. Gates,* 194 Ga. 787, 793 (22 SE2d 730); *Rivers v. Brown,* 200 Ga. 49, 52 (36 SE2d 429); *Vann v. American Credit Co.,* 115 Ga. App. 559 (2) (155 SE2d 459)."

Kiser's affidavit shows that the defendant's dog came upon his

property and killed his dog, that the shepard's owner had notice that his dog went regularly into his neighbor's yard and had a habit of destroying personal property while trespassing. In *Caldwell v. Gregory,* 120 Ga. App. 536, 541 (171 SE2d 571) (1969), this court held that a dog is a domestic animal and that the owner of a domestic animal is liable if such animals are wrongfully in the place where they do mischief even if the owner does not have notice.

The fact situation in the present case differs from that in *Turner v. Irvin,* 146 Ga. App. 218 (246 SE2d 127) (1978) where the dog in question was on a public street and collided with a motorcycle and did not involve interpreting Code Ann. § 62-2004. That code section specifically states that it covers a situation where a trespassing dog kills or injures another domestic animal. Under the holding in *Sullivan v. Goss,* supra, the plaintiff was permitted to recover for the loss of game birds which he had raised. While the language of the statute states that any domestic animal ". . . is normally and usually described as livestock or fowl," the *Sullivan* case reveals that the statute is not interpreted narrowly to include *only* domestic livestock and fowl.

Accordingly, the trial court erred in granting summary judgment in favor of Morris.

*Judgment reversed. Sognier, J., concurs. Birdsong, J., concurs in the judgment only.*

SUBMITTED SEPTEMBER 10, 1980 — DECIDED OCTOBER 21, 1980.

*Marson G. Dunaway, Jr.,* for appellant.
*Jackson B. Harris,* for appellee.