## 62397. MINTZ v. FRAZIER.

Pope, Judge.

This suit was initiated to recover damages for injuries inflicted upon plaintiff's dog when it was attacked by defendant's dog. A motion for summary judgment was filed by defendant along with a supporting affidavit. This appeal is from the trial court's grant of that motion.

Defendant's affidavit states that she has "breached no duty owed to plaintiff" and further that she is not liable for any injuries to the dog of plaintiff. However, these statements are merely legal conclusions and provide no evidentiary basis upon which the trial court could have decided the motion. The facts sworn to in the affidavit which would be admissible as evidence do not refute the facts necessary to prove plaintiff's case and do not indicate that defendant would be entitled to a judgment as a matter of law. Ownership of the dog is not denied by defendant nor does she present facts which refute plaintiff's contention that defendant's dog attacked plaintiff's dog. The defendant in the affidavit admits that this incident was the second fight between these two particular animals and makes no claim of her absence of knowledge as to her dog's dangerous propensity to inflict this type of injury.

It is necessary in the present case for the plaintiff to prove that the owner of the dog knew of the dog's propensity to do the particular act which caused injury to the complaining party. *Fitzpatrick v. Henley,* 154 Ga. App. 555 (269 SE2d 60) (1980). This case is distinguished from the case of *Kiser v. Morris,* 156 Ga. App. 224 (274 SE2d 610) (1980), where this court held that in an action under Code Ann. § 62-2004 the rule as to scienter or knowledge on the part of the owner of a vicious dog has no application in a case in which that dog goes on the land of another and injures another dog. Compare Code Ann. § 105-111. The defendant's affidavit in the case at bar indicates that the fight initiated in the public road and upon an easement adjoining her house and culminated in her front yard. In our view these areas would not be considered the "land of another" as contemplated by the above referenced statute.

On summary judgment the burden is on the moving party to produce evidence which conclusively eliminates all material issues in the case and demonstrates that the moving party is entitled to a judgment as a matter of law. Code Ann. § 81A-156. That party must make a prima facie showing that he or she is entitled to a judgment as a matter of law before the burden of producing evidence shifts to the opposing party. Compare *Big Chief Truck Lines v. Thaxton,* 155 Ga. App. 233 (270 SE2d 399) (1980); *Herman v. Walsh,* 154 Ga. App. 712

(269 SE2d 535) (1980).

In the present case defendant, as the moving party on summary judgment, failed to carry her burden. A review of the defendant's affidavit reveals that the evidence contained therein does not negate the elements of plaintiff's cause of action. When a dog is alleged to have repeated behavior which has caused the same injury to the same animal, and the owner thereof does not deny knowledge of the initial injurious act, a question of fact arises as to whether the defendant had knowledge of the animal's propensity to do the type of harm which was inflicted. Compare *Fitzpatrick v. Henley,* supra; *Banks v. Adair,* 148 Ga. App. 254 (251 SE2d 88) (1978); *Turner v. Irvin,* 146 Ga. App. 218 (246 SE2d 127) (1978); *Connell v. Bland,* 122 Ga. App. 507, 509 (177 SE2d 833) (1970). See also *Storck v. Payne,* 53 Ga. App. 445 (186 SE 461) (1936).

The trial court erred in granting summary judgment for the defendant.

*Judgment reversed. Quillian, C. J., Deen, P. J., McMurray, P. J., Shulman, P. J., Carley and Sognier, JJ., concur. Banke and Birdsong, JJ., dissent.*

DECIDED NOVEMBER 12, 1981 —
REHEARING DENIED DECEMBER 8, 1981 —

Gloria Mintz, *pro se.*
Genevieve Frazier, *pro se.*

BANKE, Judge, dissenting.

While I sympathize with the majority's reluctance to grant summary judgment in a negligence action, I do not believe that the courts should be in the business of refereeing routine dogfights.

Any allegation of negligence which may possibly be contained in the plaintiff's pro se complaint must be inferred from the following language: "Defendant did not have voice control, or leash on dog and dog was not on her property. Plaintiff's dog was being walked on leash. This is third attack by this dog." In response, the defendant asserted in her affidavit that this was only the second fight between the two dogs, that both fights occurred as the plaintiff was walking her dog in front of and alongside of the defendant's house, and that the plaintiff resides in another neighborhood. These sworn factual assertions were neither objected to nor opposed by the plaintiff; and, consequently, we must accept them as true in considering the motion for summary judgment. The issue with which we are presented consequently boils down to this: Where a dog owner is aware that his animal has fought with a dog from another neighborhood, on or adjacent to his own premises, is this knowledge sufficient to charge

him with a duty to confine his animal so as to prevent a second such incident?

By answering this question in the affirmative, the majority have stretched Code § 105-110 beyond recognition. That statute provides as follows: "A person who owns or keeps a vicious or dangerous animal of any kind, and who, by careless management of the same, or by allowing the same to go at liberty, causes injury to another who does not, by his own act, provoke the injury, shall be liable in damages to the person so injured." In order to recover under this statute, the plaintiff must show not only that the defendant's animal was dangerous but also that the defendant had "either actual or constructive knowledge . . . of the animal's danger to others. (Cits.)" *Starling v. Davis,* 121 Ga. App. 428, 429 (174 SE2d 214) (1970). This in turn is accomplished by showing both that the animal has in the past manifested some vicious or dangerous propensity to injure others and that it was this particular propensity which in fact caused the injury for which damages are sought. See *Connell v. Bland,* 122 Ga. App. 507 (177 SE2d 833) (1970); *McCree v. Burks,* 129 Ga. App. 678, 679 (200 SE2d 491) (1973).

Where damages are sought for *personal* injury, the animal's prior menacing behavior must have been directed towards a person in order to be germane. Evidence of past ferocity towards other animals does not, in and of itself, indicate that the animal poses a danger towards people. *Carter v. Ide,* 125 Ga. App. 557 (188 SE2d 275) (1972); *Banks v. Adair,* 148 Ga. App. 254 (251 SE2d 88) (1978). If it did, common experience tells us that virtually every dog alive would already stand incriminated.

The case before us is not a personal injury action, of course, but a "canine injury" action. There appears to be no precedent under Code § 105-110 for awarding damages for injuries caused by one dog to another in a dogfight.[1] While this certainly does not mean that there are no circumstances under which such liability could be established, I am convinced that such liability does not exist in the case before us now. The undisputed facts of record indicate that what we are dealing with is simply two dogs who do not get along. The plaintiff has made no allegation that the defendant's dog is vicious or dangerous, and if its past misbehavior has been limited to one altercation with the plaintiff's dog occurring in front of the defendant's home, then surely the defendant had no reason to consider it dangerous and owed the plaintiff no duty to restrain it. I would affirm the grant of summary judgment.

---

[1] In the recent case of *Kiser v. Morris,* 156 Ga. App. 224 (274 SE2d 610) (1980), a summary judgment in favor of the defendant was reversed in the face of evidence

I am authorized to state that Judge Birdsong joins in this dissent.

---

that his German shepherd had killed the plaintiff's Chihuahua during the final installment of a series of destructive forays onto the plaintiff's property. However, that decision was based on Code Ann. § 62-2004, which deals with a dog owner's liability for damage by his dog to livestock on another's land. See also Code § 105-111.