# Court of Appeals
# of the State of Georgia

ATLANTA,  March 01, 2024

*The Court of Appeals hereby passes the following order:*

A23A1670. HENKES v. SHARIF.

On May 23, 2023, this Court granted Appellant's application for interlocutory appeal. Having reviewed the parties' briefs and the complete record now before us, and having had the benefit of oral argument, we DISMISS the appeal as improvidently granted.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  03/01/2024*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
, *Clerk.*

MCFADDEN, Presiding Judge, dissenting.

I respectfully dissent from the order dismissing this appeal as improvidently granted. It is true that a defense verdict would moot the statutory-construction issue at its heart. That possibility would have been an appropriate consideration when we considered the application in the first instance. But this appeal has now been briefed

and orally argued. It has consumed substantial judicial resources as well as resources of the parties. And it has added about a year to the duration of this litigation. If we dismiss and the jury awards damages, the case and that issue will very likely return to us; and another panel will be tasked with completing the work we left unfinished.

The trial court construed the statute correctly but wisely refrained from preemptively applying it. We should affirm. Because the statute at issue has been amended, we should do so in an unpublished opinion.

On the other hand, I agree that we should not address the appellants' "alternative and additional" enumeration which questions the timing of the trial court's ruling on the alignment of the parties. That ruling is highly likely to become moot and highly unlikely to amount to harmful error.

This is a personal injury case. Motorists Chandler Henkes and Zafir Akbar Sharif were involved in a collision. Michael Flournoy, a pedestrian, was injured in that collision and sued them. Henkes settled. Sharif is facing trial.

Henkes and Sharif disagree about whether apportionment or the right of contribution obtains. Henkes contends that her possible further liability should be determined under the apportionment statute. Sharif contends that the apportionment statute is not applicable and so that he has a right of contribution.

The apportionment statute creates exceptions to the longstanding statutory

right of contribution. The applicable version of the apportionment statute covers actions "brought against more than one person." OCGA § 51-12-33 (b) (2005). (It has subsequently been amended to apply to actions "brought against one or more persons"). Here the case was initially brought against both Henkes and Sharif. But, the parties anticipate, it will be brought to trial only against Sharif. So this appeal turns on the meaning of "brought."

We have already we construed "brought" as used in that statute to mean at the time of trial. *Ga. CVS Pharmacy v. Carmichael*, 362 Ga. App. 59, 71-72 (3) (865 SE2d 559) (2021). Contrary to Henkes's argument, that construction is not dicta; it is an alternative holding and therefore "authoritative precedent." *QOS Networks Ltd. v. Warburg, Pincus & Co.*, 294 Ga. App. 528, 532-533 (1) (c) (669 SE2d 536) (2008); see also *Vann v. American Credit Co.*, 115 Ga. App. 559, 561 (2) (155 SE2d 459) (1967). We should decline to reopen the question.

So we should affirm the trial court's construction of the applicable version of the apportionment statute and decline to address her ruling regarding the alignment of the parties.